JOHN DI IORIO, Admr. *vs.* ANNIE CANTONE *et al.*

JANUARY 9, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J.   The above entitled case is an appeal
of the administrator of the estate of Nunziata Bianco,
deceased, late of Providence, from a decree of the Municipal
Court of Providence allowing the final account of the admin-
istrator as amended by said court, wherein by said amend-
ment the Municipal Court refused to allow to the admin-
istrator payments set forth in the account filed by him.   The
appeal was heard in the Superior Court and the decree
appealed from was affirmed.   Upon exception this court
approved the decision of the Superior Court and remanded
the cause to that court for further proceedings.   Thereafter
the Superior Court granted the motion of the attorney for
the appellees, that the attorney's fees and the expenses of
the appellees be allowed by the court and ordered paid by
the administrator from the funds of the estate.   The
Superior Court directed the payment of those allowances in
its final decree, a copy of which was to be certified to the
Municipal Court.   To this action of the Superior Court the
appellant administrator excepted and now relies upon that
exception before us.

A probate court may allow in the accounts of executors
and administrators the reasonable payments of such personal
representatives of a decedent for necessary expenditures and
for the fees of their attorneys, as part of the expenses of
administration to be paid from the estate.   In the absence
of statutory authority therefor, probate courts are without
power to order payment from the estate of the expenses and
counsel fees of claimants, heirs or distributees who have been
parties to adversary proceedings against such personal repre-
sentatives.   We do not find any express statutory authority
for the exercise of such power by probate courts.   In support
of the allowance made by the Superior Court the appellees

rely upon the provisions of Section 14, Chapter 360, Gen. Laws 1923, which are as follows: "Sec. 14. In cases contested before a probate court or on appeal therefrom costs in the discretion of the court may be awarded to either party to be paid by the other, or to either or both parties to be paid out of the estate which is the subject of the controversy, as justice may require." The appellees contend that the word "costs" in that section should be construed to include the expenses and the counsel fees of a party. Nothing appears in the context which indicates an intention in the general assembly to use the word "costs" in this statute in any other sense than with reference to those allowances and reimbursements to a party which are to be taxed by the court's clerk in accordance with express provisions of the statute, and which are usually known and referred to as the "taxable costs" in a suit. In the statute in question the word "costs" is used in the same sense as in the general provision that ordinarily "in all civil actions at law the party prevailing shall recover costs" and as the word is used in all the provisions of Chapter 345, Gen. Laws 1923, entitled "Of Costs." With reference to none of those provisions has the word "costs" been interpreted to include counsel fees.

The general assembly in some instances has expressly provided for the allowance of counsel fees, as in Section 22, Chapter 339, Gen. Laws 1923. In that section it is provided that such allowance may be made to defendants brought in to a bill or petition in equity where the construction of a trust will or trust deed is sought. It is therein provided that such an allowance shall be taxed as costs in the suit. In Section 23, Chapter 381, Gen. Laws 1923, it is provided that in a suit for partition the "costs of partition" in such proportion as the court shall adjudge shall be a lien upon the interest of a party in the share assigned to him. In the early case of *Cozzens* v. *Whitney*, 3 R. I. 79, the expression "costs of partition" appears to have been interpreted by the court as meaning the taxable costs in the suit and as not

including an allowance for counsel fees. But in the later cases *Redecker* v. *Bowen*, 15 R. I. 52, and *Robinson* v. *Robinson*, 24 R. I. 222, it was held that the costs of partition meant the expenses of partition and included reasonable counsel fees. In those cases the court distinguished between the cost or expenses of partition, and the costs by which it referred to the taxable costs in the suit.

In the statute relied upon by the appellees we find nothing warranting an interpretation of the word "costs" save as the taxable costs of the proceeding, which do not include an allowance for counsel fees.

The appellant's exception is sustained. The case is remitted to the Superior Court with direction to enter a final decree in accordance with this opinion.

*Malcolm D. Champlin*, for appellant.

*Uldrich Pettine*, for appellee.