**244 A.2d 848.**

The Washington Trust Company *vs.*
Nicola A. Fatone *et al.*

AUGUST 5, 1968.

Present: Roberts, C. J., Powers, Joslin and Kelleher, JJ.

POWERS, J. This is an appeal from a summary judgment for the plaintiff entered pursuant to the decision of a superior court justice in a civil action on a promissory note.

The record establishes that on or about December 14, 1964, defendant Arthur O. Dionne, Jr., presented for discount to plaintiff bank, a promissory note in the principal sum of $16,000, maturing one year from date and bearing interest at 4%. Dated June 19, 1964, the note was executed in favor of Dionne by defendants Nicola A. Fatone, Fatone Realty, Inc., and Shetucket Plumbing Supply Co., Inc., as part of the consideration paid to Dionne for the purchase from him of certain real estate situated in Westerly and a plumbing supply business located thereon. The purchase price was $231,000. The record also establishes that at plaintiff's insistence, Dionne endorsed the note to it and guaranteed payment of the principal sum, together with interest due and costs of collection, including an attorney's reasonable fee. In consideration thereof, plaintiff credited $16,131.38 to a joint account of Dionne and his wife. The following day defendant Dionne, by means of deeds to and through a strawman, conveyed other real estate owned by him to himself and his wife as tenants by the entirety.

The note was not honored at maturity nor thereafter, and on February 10, 1967, plaintiff commenced the instant action by filing a complaint against Arthur Dionne and wife, the aforementioned makers, and Shetucket Plumbing Supply Co. of Westerly, Inc., alleging that the last-named corporation had assumed the obligation evidenced by said

note, subsequent to its execution. In addition to its claim on the note, plaintiff's complaint sought adjudication of Dionne's conveyance to himself and his wife as void, praying that judgment on the note constitute a lien on the real estate involved.

The defendant-makers and Shetucket Plumbing Supply Co. of Westerly, Inc. answered jointly. They denied that the last-named corporation had assumed responsibility, admitted execution of the note, but denied delivery to the payee Dionne. In this regard they averred that the note had been placed in the possession of one James Longolucco to be held by him pending final determination of the value of the accounts receivable sold by Dionne and all other assets including inventory, as well as accounts payable, outstanding against the plumbing supply business.

Continuing, they averred in substance that if the adjustments showed overpayment, the note would be returned to the makers; but if on said adjustment a balance was owing to Dionne, the note would be part of the consideration paid. As to plaintiff's complaint regarding Dionne's conveyance to himself and his wife and plaintiff's discounting of the note, the answer disclaimed any knowledge.

Mrs. Dionne filed a motion to dismiss, averring that as to plaintiff's action on the note, she was not a party against whom relief could be had, and that as to the conveyance of real estate from defendant Dionne to himself and to her as tenants by the entirety, the complaint did not state sufficient facts or circumstances to make the conveyance fraudulent. This motion was denied and Mrs. Dionne thereafter filed an answer professing no knowledge as to all plaintiff's averments regarding the note and denying plaintiff's allegation of a fraudulent conveyance.

Her husband, defendant Dionne, in his answer admitted all of plaintiff's allegations as to the discounting of the note, including his endorsement and guaranty. He pro-

fessed no knowledge as to nonpayment when due and denied that the conveyance as to himself and his wife was fraudulent. Furthermore, he filed a cross-complaint against the makers and Shetucket Plumbing Supply Co. of Westerly, Inc., alleging delivery of the note to him and assumption of liability by the last-named corporation.

The four defendants named in Dionne's cross-complaint answering, admitted nonpayment but denied delivery, averring nonnegotiability. They further denied assumption by Shetucket Plumbing Supply Co. of Westerly, Inc. Additionally, they filed a cross-complaint against Dionne, alleging substantial damages resulting from their reliance on representations made by Dionne in the purchase of the real estate and plumbing supply business, which representations, they further alleged, were made falsely and fraudulently. Their cross-complaint recites in detail the alleged fraudulent representation as well as the conditions under which the note in question had been placed in escrow. Dionne, answering the cross-complaint, denied the placing of the note in escrow as well as all allegations of misrepresentation.

The plaintiff filed a motion for summary judgment under rule 56 of the superior court rules of civil procedure, together with a supporting affidavit and a motion for express determination in accordance with rule 54 (b)[1] of said supe-

---

[1]"Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is

rior court rules. The defendant-makers complying with superior court rule 56 (e) filed an opposing affidavit averring the existence of a genuine issue for trial.

In its supporting affidavit, plaintiff asserted its discounting in good faith a negotiable note executed by defendant-makers by crediting the sum of $16,131.38 to a joint checking account, as stated in its complaint; further asserted that neither interest nor any part of the principal had been paid when plaintiff commenced its civil action; and incorporated as part of its affidavit photostatic copies of the note and ledger card representing the joint checking account of Arthur O. or Kay L. Dionne.

This latter exhibit disclosed plaintiff's crediting the account as asserted and showed that subsequent to such crediting, there had been withdrawals by the Dionnes, or one of them, amounting to more than $6,000, leaving a balance of $10,059.58. By plaintiff's calculating, a minimum of $5,872.80 of the amount credited was in fact paid out.

In its motion for summary judgment, plaintiff averred that as to defendant makers no genuine issue of a material fact existed warranting trial on its claim of $16,000 in principal, plus interest of 4 per cent from June 19, 1964 to June 19, 1965, and 6 per cent from the latter date to the date of judgment. While defendant Dionne offered no defense as to his liability on the note, plaintiff's complaint asserted additional liability for costs of collection as against Dionne, and this being subject to subsequent determination, plaintiff's motion for summary judgment as to Dionne sought

---

subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

The plaintiff invoked this rule because of the additional claims against defendant Dionne for costs of collection, including a counsel fee which must await developments for ascertainment, and its claim of a fraudulent conveyance against Dionne and his wife, which latter claim was not included in plaintiff's motion for summary judgment.

only partial adjudication as provided by rule 56 (d)[2] of the superior court rules. The defendant-makers' affidavit in opposition was furnished by and asserted personal knowledge of Nicola A. Fatone individually and as an officer and stockholder of the two corporation makers. The affiant alleged therein that the affidavit was not made for the purpose of delay; that the makers had a valid defense in that the note had never been delivered to Dionne; that plaintiff was not a holder in due course but rather assignee of a nonnegotiable instrument, and in substance, that plaintiff had or by reason of its experience and the nature of the transaction between the makers and Dionne, should have had notice of the unauthorized manner in which Dionne obtained possession of the note.

On May 17, 1967, a superior court justice considered plaintiff's motion for an expressed determination that as against the defendant-makers there was no just reason for delay in directing judgment for plaintiff. (See footnote 1) He continued the case one week, indicating that on the record before him plaintiff was entitled to judgment as a matter of law, but that defendant-makers could have the week's grace in which to supplement their opposition affidavit.

No additional material was supplied and on May 24, 1967, said superior court justice made the express determination required by rule 54 (b) and granted plaintiff's motion for

---

[2]"Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered on the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

summary judgment in the amount of $18,493.35. From the judgment entered accordingly, defendant-makers seasonably claimed an appeal to this court.

All parties are agreed that the right to recovery is subject to the applicable provisions of G. L. 1956, title 6A, known and cited as the Uniform Commercial Code.

The defendant-makers, however, make several related contentions that adhering to the applicable provision of the Uniform Commercial Code and the requirements of rule 56 of the superior court rules of civil procedure, plaintiff was not entitled to summary judgment.

They first contend that plaintiff's supporting affidavit setting out as it does a copy of the ledger card of the account to which the $16,131.38 was credited, and subsequent withdrawals therefrom, discloses a genuine issue of material fact as to whether plaintiff gave value for the note, and thus becomes a holder in due course[3] because, while the

---

[3]§6A-3-302 "Holder in due course.—(1) A holder in due course is a holder who takes the instrument
  (a) for value; and
  (b) in good faith; and
  (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.
  (2) A payee may be a holder in due course.
  (3) A holder does not become a holder in due course of an instrument:
  (a) by purchase of it at judicial sale or by taking it under legal process; or
  (b) by acquiring it in taking over an estate; or
  (c) by purchasing it as part of a bulk transaction not in regular course of business of the transferor.
  (4) A purchaser of a limited interest can be a holder in due course only to the extent of the interest purchased."
§6A-3-303 "Taking for value.—A holder takes the instrument for value
  (a) to the extent that the agreed consideration has been performed or that he acquires a security interest in or a lien on the instrument otherwise than by legal process; or
  (b) when he takes the instrument in payment of or as security for an antecedent claim against any person whether or not the claim is due; or
  (c) when he gives a negotiable instrument for it or makes an irrevocable commitment to a third person."

ledger card discloses that there were withdrawals, it fails to disclose by whom such withdrawals were made. If made by Mrs. Dionne, they argue, such withdrawals do not constitute value, and the defense of nondelivery would be rated as against the holder to the full extent of the note.[4]

Alternatively, they argue, that in any event the ledger card discloses withdrawals only to the extent of $6,937.51, and if plaintiff is a holder in due course at all, it is only to the extent of those withdrawals.

These alternative contentions, however, if otherwise meritorious, overlook the controlling significance of §6A-4-208(b) as it relates to §6A-3-303 and §6A-3-302.

Section 6A-4-208 provides in pertinent part:

> "Security interest of collecting bank in items, accompanying documents and proceeds.—(1) A bank has a security interest in an item and any accompanying documents or the proceeds of either
>
> (a) in case of an item deposited in an account to the extent to which credit given for the item has been withdrawn or applied;
>
> (b) in case of an item for which it has given credit available for withdrawal as of right, to the extent of the credit given whether or not the credit is drawn upon and whether or not there is a right of charge-back * * *."

Thus, if the security item is delivered to a bank for collection, and as a matter of courtesy the bank permits withdrawals before the item is collected, under §6A-4-208(a) the bank has a security interest therein only to the extent that withdrawals have been made. See *Universal C.I.T. Credit Corp.* v. *Guaranty Bank & Trust Co.*, 161 F. Supp. 790.

---

[4]§6A-3-306 "Rights of one not holder in due course.—Unless he has the rights of a holder in due course any person takes the instrument subject to
(a) * * *
(b) * * *
(c) the defenses of want or failure of consideration, non-performance of any condition precedent, non-delivery, or delivery for a special purpose (§6A-3-408) * * *."

But when, as here, the bank takes an item that is negotiated to it and then credits the account of the endorser, the endorser may make withdrawals as a matter of *right*, and the bank, through the provisions of §6A-4-208(b), has a security interest of that item to the full extent of the amount credited to the account, regardless of whether withdrawals were made or not, see 2 *Anderson's Uniform Commercial Code* 62, §4-208.3, and thus through the provisions of §6A-3-303, has given value to the full extent of that credit. We hold, therefore, that on the issue of value as it relates to plaintiff's status as a holder in due course, defendant-makers' contention is without merit in that plaintiff's affidavit, namely, the ledger card, clearly establishes that plaintiff credited defendant Dionne's account with the full value of the note.

Even so, defendant-makers further contend that if plaintiff's supporting affidavit was sufficient standing alone to establish that no genuine issue of material fact exists as to plaintiff's status as a holder for value, the sworn statements contained in their affidavit in opposition establish a question of fact exists relative to plaintiff's status as a holder in good faith and without notice.

An examination of the supporting and opposition affidavits readily demonstrates that this contention is without merit. In its affidavit, plaintiff makes the sworn affirmative statements that the note was discounted in the usual course of business, without notice of any defects or defenses. It further deposes that no irregularities appear on the face of the note, and that it was taken prior to maturity. An examination of the note, a photocopy of which is made part of the affidavit, establishes these latter statements to be so. Having made these sworn statements, there was no further evidentiary material that plaintiff need have added to establish *prima facie* that it was a holder in due course. The burden thus shifted to defendant-makers to establish by

their opposition affidavit that a defense existed which, if proven, would show that plaintiff did not discount the note in good faith and without notice. The defendant-makers' affidavit shows no such facts to exist. It merely states that "* * * the plaintiff has knowledge or should have had knowledge of this defect [nondelivery] * * *" and further "the plaintiff knew or should have known from the circumstances surrounding the sale of the plumbing business from the defendant Dionne to the defendants named herein, that the alleged note was never delivered * * *."

These are mere conclusions containing no evidentiary material, and they point to no facts which taken together with the other papers in the case — see *Slefkin* v. *Tarkomian,* 103 R. I. 495, 238 A.2d 742, would have warranted the trial justice in denying the motion for summary judgment. Nevertheless, out of an abundance of concern for defendant-makers' position, and recognizing that the unsupported assertion of plaintiff's affidavit relative to the questions of good faith and notice were matters involving a state of mind, see 3 Barron & Holtzoff, *Federal Practice & Procedure,* §1232.2, the trial justice granted defendant-makers one week during which to supplement the record, with some tangible evidence to support their claim that plaintiff had notice of a defect in the note and lacked good faith.

The defendant-makers, however, rested on the record as indicated, and in such circumstances the language contained in Barron & Holtzoff on the federal rules is particularly apt:

> "A court should be cautious in granting a motion for summary judgment where state of mind is involved, or where the facts are peculiarly in the knowledge of the moving party, and should be sure that the party opposing the motion has had a fair opportunity to use the discovery process to probe his opponent's mental state and to examine the facts his opponent has at

436

hand. But if, after such an opportunity, the opposing party cannot point to anything tangible which will create a genuine issue of material fact, the motion should be granted."[5]

For the reasons stated, the appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Norbert Fessel,* for plaintiff.

*William J. McGair, Edward M. Botelle,* for defendants.

---

[5] Barron & Holtzoff, *Federal Practice & Procedure,* §1232.2 (supp. 1967 at p. 78).