256 A.2d 490.

# The Washington Trust Company *vs.* Nicola A. Fatone, *a.k.a.* Nicolo A. Fatone *et al.*

AUGUST 8, 1969.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This appeal raises the following questions:

1. Does recovery of judgment and satisfaction of execution for principal, interest and taxable costs from the maker of a promissory note who has not expressly agreed to pay counsel fees incurred in collecting said note after default preclude the holder from recovering judgment for such counsel fees from an indorser who has expressly agreed to pay them?

2. May reasonable counsel fees incurred by the holder of a promissory note in successful defense of an appeal from a judgment for the holder be recovered from an indorser who has expressly agreed to pay such fees in case of default, even though such appeal was prosecuted by a co-defendant of the indorser?

3. Was the decision of the trial justice in the case at bar, and the judgment based thereon, awarding counsel fees based on the law and the evidence?

4. Is the plaintiff entitled to additional counsel fees from the indorser for services rendered in connection with the indorser's appeal from the judgment awarding plaintiff a counsel fee of $3,000 for "the costs and expenses of collection including a reasonable attorney's fee" in connection with the appeal in *Washington Trust Co.* v. *Fatone*, 104 R. I. 426, 244 A.2d 848?

The opinion of this court in *Fatone*, *supra*, contains an adequate summary of the essential facts in this case. The

present appeal involves plaintiff's claim for counsel fees against defendant-indorser, Arthur O. Dionne, Jr., based on Mr. Dionne's indorsement of the note to plaintiff. Although the note contains no provision for payment of counsel fees by the makers in case of default, Mr. Dionne's indorsement on the back of the note expressly provides that he guaranteed payment of the principal and interest of the note when due and that in case payment were not made at maturity and the note had to be placed in the hands of an attorney for collection, the indorser (Mr. Dionne) would also pay the costs and expenses of collection, including a reasonable attorney's fee.

As pointed out in *Fatone,* plaintiff moved for summary judgment against the makers and requested findings of fact against Mr. Dionne pursuant to rule 56(d) of the superior court rules of civil procedure. The superior court determined that the makers and the indorser were liable to plaintiff for principal, interest and costs amounting to $18,493.35. Pursuant to rule 54(b) of the superior court rules of civil procedure, that court expressly determined that there was no just reason for delay with respect to entry of judgment against defendant-makers and accordingly ordered that final judgment against the makers be entered forthwith.

With respect to plaintiff's claim against Mr. Dionne, the superior court found that in addition to the amount mentioned above, he was also liable to plaintiff for "the costs and expenses of collection including a reasonable attorney's fee" by virtue of the express provisions of the indorsement. However, with respect to the question of the amount thereof, it found that a genuine issue of a material fact existed and therefore left that question for future hearing and determination.

In accordance with the orders of the superior court, judgment in the sum of $18,493.35 was entered against the three makers. They thereupon prosecuted an appeal from such

judgment to this court. That appeal was successfully defended by plaintiff, as reported in 244 A.2d 848 on August 5, 1968. After remand to the superior court, an execution was issued on August 19, 1968, against the makers, which they satisfied on September 30, 1968, by paying plaintiff the sum of $19,805.51. In the meantime, on September 10, 1968, plaintiff filed a motion in the superior court to assign the case to the non-jury calendar for hearing and determination (1) of the amount of "the costs and expenses of collection, including a reasonable attorney's fee" due to plaintiff from Mr. Dionne, and (2) of one other issue with which we are not concerned in this proceeding.

On October 8, 1968, the case was heard by a justice of the superior court on the question of the amount of counsel fees to be assessed against Mr. Dionne. After the hearing the trial justice fixed the amount of the counsel fee at $3,000. On November 4, 1968, the trial justice granted plaintiff's motion for entry of judgment, made the finding required by rule 54(b) and ordered entry of judgment forthwith for $3,000 in favor of the plaintiff for "the costs and expenses of collection including a reasonable attorney's fee." From that judgment defendant, Mr. Dionne, has prosecuted the present appeal.

## I

As pointed out in defendant's brief, plaintiff in this action is seeking to recover reasonable counsel fees against defendant based on the indorsement appearing on the back of the note after a judgment had been obtained against the makers and execution had been levied and satisfied by the makers. The defendant's first contention is that the entry of judgment in favor of plaintiff against the makers and the issuance of an execution thereon and the satisfaction of the same by the makers resulted in a merger of the judgment and the original cause of action on which the action was brought so as to bar any subsequent action on the same.

172

The plaintiff, on the contrary, argues that recovery of judgment and satisfaction of execution for principal, interest, and taxable costs from the makers of a promissory note who have not expressly agreed to pay counsel fees in collecting said note after default does not preclude the holder from recovering judgment for such counsel fees from an indorser who has expressly agreed to pay them. We believe that plaintiff's statement of the applicable law is correct.

We agree with defendant's statement that a cause of action for the recovery of money is merged into a valid final judgment entered thereon. 30A Am. Jur., *Judgments,* §313; Restatement, *Judgments* §47, and that this principle applies to causes of action founded on negotiable notes, 11 Am. Jur.2d, *Bills and Notes* §922. However, recovery of a judgment against one or more, but not all, of a number of obligors does not merge the cause of action against the remaining obligors. 30A Am. Jur., *Judgments,* §320. Although acceptance of satisfaction of judgment against one of several obligors bars action against the others for the same debt or obligations, action against the others is not barred where the same debt or obligation is not involved. 30A Am. Jur., *Judgments,* §1006. Action is barred only where all of the obligors are liable for the entire amount of damages, but where one or more of the obligors are liable only for a share of the damages, action is not barred. Restatement, *Judgments* §95, *comment c.*

We agree with plaintiff's conclusion that under the foregoing principles, payment of principal, interest and costs by the makers did not discharge the indorser from liability for reasonable counsel fees. The indorser expressly agreed to pay a reasonable attorney's fee in case of default, whereas the makers did not. The general rule is that one may not recover such fees in the absence of statutory or contractual liability therefor. 22 Am. Jur.2d, *Damages* §165. In the circumstances, plaintiff could not recover counsel fees

from the makers and therefore the indorser's liability for damages was greater than the makers'. As noted by plaintiff, since the judgment for principal, interest and costs had been paid at the time, a judgment for such amounts was not entered against the indorser, who, without such payment, would clearly have been liable for these sums to plaintiff. In effect, the judgment against the indorser was reduced by the amount of the payment received from the makers. Since the indorser's liability was greater than the makers', payment by the latter discharged the indorser's liability to plaintiff only for the amount paid by them and did not discharge the indorser from his additional liability for counsel fees.

## II

The defendant next contends that the indorsement of the note by him in which he agreed to pay the costs and expenses of collection including a reasonable attorney's fee did not bind him to pay for fees incurred in maintaining a judgment against the makers in an appeal to the supreme court. The defendant bases this argument, in part, on the grounds that he submitted to judgment for the amount of the principal, interest, and taxable costs; that the prior appeal was prosecuted by the makers of the note, his co-defendants in the original proceeding in the superior court; that after the case was instituted in the superior court by plaintiff he did not contest the same; that he did not participate in the prior appeal; and that at no time after he submitted to judgment did plaintiff seek to have the question of reasonable counsel fees determined until plaintiff had pursued its cause of action against the makers in the superior court and on appeal to this court.

The defendant further argues that by electing to collect the judgment, plaintiff waived any claim for counsel fees and the stipulation for such fees contained in the indorsement was merged in the judgment which plaintiff collected

from the makers; that the provision for counsel fees did not contemplate such fees on appeal; and that, in any event, if plaintiff in this case was entitled to any counsel fee it should be limited to a reasonable attorney's fee that was incurred by plaintiff up until the time defendant submitted to judgment in the superior court.

We do not agree with defendant's conclusion. Although there is a split of authority on this question, the weight of authority and what we consider the better-reasoned cases support the view that reasonable counsel fees incurred by the holder of a promissory note in successful defense of an appeal from a judgment for the holder may be recovered from an obligor who has expressly agreed to pay such fees in case of default. *Freeman* v. *Continental Gin Co.*, 384 F.2d 365 (5th Cir., 1967) (applying Mississippi law); *Steele* v. *Vanderslice*, 90 Ariz. 277, 367 P.2d 636 (1961); *Cirimele* v. *Shinazy*, 134 Cal. App.2d 50, 285 P.2d 311, 52 A.L.R.2d 860 (1955); *Wilson* v. *Wilson*, 54 Cal.2d 264, 5 Cal. Rptr. 317, 352 P.2d 725 (1960); *Empress Homes, Inc.* v. *Levin*, 201 So.2d 475 (Fla. App., 1967); *Bank of Hawaii* v. *Char*, 43 Hawaii 316 (1959); *Vaughan* v. *Vaughan*, 91 Idaho 544, 428 P.2d 50 (1967); *Corinthian Corp.* v. *White & Bollard, Inc.*, 442 P.2d 950 (Wash., 1968). Anno., *Contractual provision for attorneys' fees as including allowance for services rendered upon appellate review*, 52 A.L.R.2d 863; *Puget Sound Mut. Savings Bank* v. *Lillions*, 50 Wash.2d 799, 314 P.2d 935 (1957).

As pointed out by plaintiff, the purpose of a provision requiring a debtor to reimburse the creditor for the expense of counsel fees reasonably incurred in enforcing the obligation on default is to insure the creditor that he will not lose the benefit of his bargain because of the debtor's default. When the parties enter into such a contract, they contemplate that when the debt matures, the creditor will receive what he bargained for undiminished by expenses

which he was forced to incur by the debtor's default. It is immaterial whether these expenses were incurred in a trial court or in appellate proceedings. *Freeman* v. *Continental Gin Co., supra.*

We come now to defendant's argument that he should not be compelled to reimburse plaintiff for counsel fees for services rendered in the prior appeal because that appeal was prosecuted, not by him, but by his co-defendants in the superior court action, the makers of the note. In our judgment this argument is without merit. It is clear from the record that defendant benefited substantially from the legal services rendered because principal and interest totaling almost $20,000, for which defendant was liable to plaintiff, were collected from the makers. If plaintiff had not defended the appeal successfully, defendant would have been exposed to payment of this amount.

Nor is there any merit to defendant's argument that his liability for counsel fees should terminate at the time he submitted to judgment in the superior court prior to appeal by the makers. G. L. 1956, §6A-3-604(1) specifically provides:

> "Any party making tender of full payment to a holder when or after it is due is discharged to the extent of all subsequent liability for interest, costs and attorney's fees."

It was within defendant's power to terminate his liability for further counsel fees at any time by making a tender of payment. The defendant's submission to judgment and his non-participation in the prior appeal are not enough to terminate his liability for the cost of additional legal services — the statute requires tender of full payment. For the foregoing reasons we hold that reasonable counsel fees incurred by the holder of a promissory note in successful defense of an appeal from a judgment for the holder may be recovered from an obligor who has expressly agreed to

pay such fees in case of default, even though such appeal was prosecuted by a co-defendant of the obligor.

## III

We consider next defendant's contention that the decision of the trial justice awarding reasonable counsel fees, and the judgment entered thereon, was not based on the law and on the evidence. It appears from the record that in arriving at the amount of the fee awarded, the trial justice took into consideration, among other factors, a percentage basis and the minimum fee schedule of the Rhode Island Bar Association which was in evidence without objection. The defendant argues that in so doing the trial justice erred, because if the parties intended to agree to reasonable counsel fees on a percentage basis or according to the minimum fee schedule, they would have so provided in the stipulation or contract. On this record this argument is without merit. *Cottrell Employees Credit Union* v. *Pavelski,* 106 R. I. 29, 255 A.2d 162.

## IV

On April 18, 1969, while the present appeal was pending in this court, plaintiff filed a motion for additional counsel fees for services rendered in defense of defendant's appeal from the judgment awarding plaintiff the counsel fee of $3,000. The plaintiff based this motion on the express provision of the indorsement involved in this case wherein defendant agreed upon default to pay "the costs and expenses of collection including a reasonable attorney's fee." The plaintiff attached to its motion an affidavit by its attorney describing the services he rendered in connection with the present appeal, stating that he spent 36 hours in connection with such services, and requesting the sum of $1,440 for such services, which he stated was the reasonable value of such services.

The plaintiff filed a memorandum in support of its mo-

tion stating that it was relying on the authorities and arguments cited in point II of its brief. The defendant filed a memorandum in opposition to plaintiff's motion in which he also stated that he was relying on the arguments and authorities cited in his brief in connection with his appeal from the $3,000 judgment.

Although the parties have furnished us with no case, nor have we found any, where the precise issue raised by this motion was determined, there are analogous situations involving two appeals where a plaintiff was allowed to recover counsel fees for two appeals. See *Cirimele* v. *Shinazy, supra;* see also 52 A.L.R.2d 863, 867-868. However, we believe that the determination of the question before us rests on the obligation undertaken by defendant by virtue of the express language of the indorsement on the back of the note. He expressly promised upon default to pay "the costs and expenses of collection including a reasonable attorney's fee." We have already decided that by virtue of such indorsement plaintiff was entitled to, and defendant was liable for, counsel fees for services rendered in the case involving the makers' appeal from the judgment against them. For the same reasons we believe that the language of the indorsement is broad enough to entitle plaintiff to counsel fees for services rendered in defending the present appeal. If the services were necessary to enable plaintiff to recover what it originally bargained for, undiminished by costs and expenses of collection including counsel fees, the number of appeals involved does not alter the obligation undertaken by defendant by virtue of the endorsement executed by him.

As we have previously stated, plaintiff has furnished this court with an affidavit describing the services rendered by its attorney, the number of hours expended in such work, and setting forth the amount of the fee to which it believes it is entitled. We have no opposing affidavit from defend-

ant. In the circumstances of this case, involving, as it does, questions not heretofore decided by this court, we believe that fairness requires that defendant be given an opportunity to present an opposing affidavit, if he sees fit to do so, to aid this court in deciding the question of the amount of the attorney's fee which we should award to plaintiff for services rendered in defending the appeal of defendant from the $3,000 judgment. The defendant may present such affidavit within 30 days after the filing of this opinion. Within a reasonable time after the expiration of such period we shall cause to be entered an order fixing the amount of such fee.

The defendant's appeal is denied and dismissed and the judgment appealed from is affirmed.

*Norbert Fessel,* for plaintiff.

*Cappuccio & Cappuccio, Louis B. Cappuccio,* for defendant, Arthur O. Dionne, Jr.