James **VINCENT**, Administrator of the Estate of Kerry Vincent

v.

Joseph **MUSONE** and Patricia **Musone** d/b/a National Liquor.

No. 88–61–Appeal.

Supreme Court of Rhode Island.

May 23, 1990.

Christine L. McBurney, Pawtucket, for plaintiff.

Lauren E. Jones, Jones Associates, Providence, William L. Bernstein, Greenville, and Robert M. Brady, and Alan T. Dworkin, Dworkin & Brady, Warwick, for defendants.

## OPINION

PER CURIAM.

On April 5, 1990, this court issued an opinion in the above-entitled case, *Vincent v. Musone,* 572 A.2d 280 (R.I.1990), that sustained the defendants' appeal, vacated the Superior Court judgment, and remanded the case to the Superior Court for a new trial.

Shortly thereafter counsel for both plaintiff and defendants sought a clarification of the remand portion of the opinion where we expressed the belief that justice would also be served by an award of a counsel fee to defense counsel because of the undue delay of plaintiff's counsel in seeking to amend his complaint. In remanding the case to the Superior Court for a new trial, we emphasized that plaintiff shall be required "to pay the reasonable expenses incurred by the defendants in connection with the first trial, including a reasonable counsel fee." *Vincent v. Musone,* at 283–84. We also emphasized that payment of the fees and costs was a condition precedent to scheduling a new trial.

Counsel for plaintiff has asked if the award of fees is to be considered a sanction imposed pursuant to Rule 11 of the Superior Court Rules of Civil Procedure. Her second inquiry can be answered when we respond to the inquiry posed by defendants' counsel.

In our award of counsel fees and expenses, this court was not acting pursuant to Rule 11. Rather the court was exercising its inherent power to fashion an appropriate remedy that would serve the ends of justice in this controversy. The record indicates that during trial, the trial justice had dismissed the count in which plaintiff was seeking damages pursuant to G.L.1956 (1969 Reenactment) chapter 7 of title 10, better known as the Wrongful Death Act. As a result plaintiff proceeded at trial solely on the dram-shop count. Our examination of the record indicated that the trial justice abused his discretion in granting plaintiff's motion to amend the complaint to include a dram-shop claim on the first day of trial.

However, after further consideration we realized that the trial justice could have remedied the prejudice to the defendants by granting a continuance or a postponement of the trial. If the trial justice had taken this course of action, the plaintiff would have been entitled to his day in court. Accordingly we determined that justice would be served by vacating the jury's verdict and remanding the case for a new trial on the dram-shop count. This court adopted what we believe to be a fair solution by calling for payment by the plaintiff of the reasonable expenses incurred by the defendants in connection with the first trial, including a reasonable counsel fee.

We turn now to the clarification sought by counsel for the defendants. At this point it should be noted that the defendants had the services of two different attorneys—one was the trial attorney, and the other was the appellate attorney. We were of the belief then, and we are of the belief now, that both attorneys should be compensated for the services rendered—one for the services rendered at trial, the other for the services rendered during the appellate portion of this controversy.