[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on plaintiffs' prayer for a declaratory judgment in order to determine whether or not plaintiffs were entitled to possession of certain premises between February 17, 1983 and March 16, 1983. Jurisdiction is pursuant to R.I.G.L. 1956 (1985 Reenactment) § 9-30-1 and §9-30-2. The relevant facts and travel of the case follow.
On February 4, 1982, plaintiffs (Robert Forcier and Norman Reisch d/b/a Abbott Associates) and defendant (Woloohojian Realty Corporation) executed an "Agreement of Lease with Option to Purchase." The agreement concerned the Snow Street Garage, an automobile parking facility located in the City of Providence. According to paragraph 2 of the agreement, the lease was to run from January 15, 1982 through February 16, 1983. Paragraph 20 of the agreement provided, however, that defendant could exercise its option to purchase by giving written notice to plaintiffs sometime between January 16, 1983 and February 15, 1983. In a letter dated January 20, 1983, defendant exercised its option pursuant to paragraph 20.
Paragraph 20 also provided that in the event of defendant exercising its option, a closing would take place no earlier than February 16, 1983 but no later than March 16, 1983. Plaintiffs requested a closing date of February 16, 1983; their rationale in doing so was to prevent any interference with defendant's possession of the premises. Defendant refused plaintiff's request and subsequently demanded a closing date of March 16, 1983.
On February 17, 1983, plaintiffs initiated this action for a declaratory judgment, and requested the appointment of a keeper to determine the daily damages. This Court denied the request for a keeper but ordered defendant to account for all receipts from the end of the term of the lease to the date of the closing, and to deposit those receipts in an escrow fund. When a verified copy of the fund was filed, it showed a balance of $14,913.32.
In answer to plaintiffs' claim of possession of the premises between February 17, 1983 and March 16, 1983, defendant offers two arguments. First, defendant contends that its exercise of the option to purchase immediately extinguished its landlord-tenant relationship with plaintiffs and subsequently created a vendor-purchaser relationship. Second, defendant contends that the "Agreement of Lease with Option to Purchase" contained an implied extension of defendant's right to possession of the premises in the event the option was exercised.
When an option to purchase land is duly exercised, the relation of landlord and tenant ceases and that of vendor and purchaser arises. 51C C.J.S. § 82(1)(b). Execution converts the option into a binding executory contract for the sale of land. 91C.J.S. § 13 Under Rhode Island law, the purchaser in an executory contract for the sale of land becomes the equitable owner of such land though the vendor still holds legal title.Dulgarian v. City of Providence, 507 A.2d 448, 451 (R.I. 1986);Jakober v. E.M. Loew's Capitol Theatre, Inc., 107 R.I. 104, 110, 265 A.2d 429, 433 (1970). The Rhode Island law with regard to the right to possession in an executory performance of other contractual obligations . . .," Cottonwood Hill Inc. v. Ansey,709 P.2d 62, 65 (Colo. App. 1985), the parties here failed to specify any terms for their relationship during this potentially one-month-long waiting period between exercise of the option to purchase and the closing on the property. Consequently, before this Court are the issues of whether the defendant was obligated to pay rent and whether the defendant was obligated to vacate the premises for this interim period between exercise of option to purchase and the closing of the property.
This Court recognizes that majority opinion that absent some express agreement otherwise in the lease, a lessor is not entitled to rent after a lessee has validly exercised his option to purchase, at which time the lessee becomes the vendee in an executory contract for the sale of land. Young v. Cities ServiceOil Company, 364 A.2d 603, 607, 33 Md. App. 315 (1976). This Court also recognizes that a tenant holding over after the term of a tenancy is liable only for the fair rental value of the occupied premises. Ucci v. Mancini, 120 R.I. 352, 387 A.2d 1056
(1978). The case at bar essentially involves a vendee who ". . . in practical terms remained as the lessee — both in possession and use of the property." Cottonwood Hill Inc., 709 P.2d at 65.
At the same time, this Court must consider the actual positions of the parties for whom equity can fashion some relief. With respect to the defendant, its surrender of the property for a contractually acceptable period of one day up to one month before the closing would require the defendant to remove all of its signs and lay off its employees and in turn, permit the plaintiff to erect new signs and hire new employees. At the expiration of this interval, again potentially one day, the defendant, now also an equitable owner of the property, would be required to re-enter and claim possession after payment of the purchase price. Absent some agreement by the parties, the law does not require one to do a vain act. Allardice v. McCain.375 Pa. 528, 101 A.2d 385 (1954). Alternatively, with respect to the plaintiff, it is inequitable for the defendant to enjoy both the premises and the purchase money without compensating the vendor for either. See Shupe v. Ham, 639 P.2d 540, 544 (1982).
This Court finds the contract to be silent regarding the rights of the parties during the period between the exercise of the lessee's option to purchase and the closing and further finds that such a potential waiting period was permitted by the terms of the contract and was thus foreseen by the parties at the time of contracting. Therefore, this Court declares that the defendant has been neither granted nor denied possession of the property from February 17, 1983 to March 16, 1983. Accordingly, the Court finds it equitable that the defendant pay the plaintiff the reasonable rental value of the premises for its enjoyment of same during this interval prior to conveyance of title. The Court further declares that $2,105.90, the amount of one month's rent as stipulated in the lease, to be a reasonable amount for the defendant to pay. At the same time, the defendant is entitled to the profits it has gained and which have been held in escrow ($14,913.32).
The plaintiffs' request for damages is not warranted by the extant facts and is hereby denied. The lessee at bar must be distinguished from the lessee in Ucci, 387 A.2d at 1056. InUcci, the lessee breached a lease agreement and was then asked to vacate the premises, but instead remained on the property as a trespasser — all before she exercised an option to purchase. TheUcci court awarded damages to the lessor after finding that the lessee's occupation was trespassory. Id. at 1059. In contrast, lessee, Woloohojian Realty Corporation, has validly exercised its option to purchase, thus becoming a vendee, and has not breached its lease agreement which is ambiguously silent regarding its right of possession after exercise of the option to purchase.
Lastly, plaintiffs' request for attorney's fees is granted. The Court adheres to the longstanding rule that attorney's fees may not be awarded absent statutory or contractual authorization.Farrell v. Garden City Builders, Inc., 477 A.2d 81, 82 (R.I. 1984). Per lease clause 15, entitled "Lessor's or Lessee's Attorney's Fees," the lessee has agreed to pay the lessor's reasonable attorney's fees "[if]] Lessor files an action to enforce any covenant of this lease . . . and Lessor prevails in such an action . . ." (Exhibit A at p. 5). The Court finds that the parties have validly contracted regarding attorney's fees. Additionally, the Court is satisfied that the plaintiffs have met the standard of a prevailing party which is ". . . he or she succeeds in obtaining substantially the relief sought." Gardnerv. Clark, 503 A.2d 8 (Pa. Super. 1986) (quoting Hensley v.Eckerhart 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Accordingly, the Court will require that plaintiffs furnish it with an affidavit or other valid evidence describing the services rendered by its attorney, the number of hours expended, and stating the amount of the fee to which they believe they are entitled. Washington Trust Co. v. Fatone, 106 R.I. 168, 177,256 A.2d 490 (1969). After the Court's consideration of all of the above factors, the Court will determine the appropriate award of counsel fees.
Counsel shall prepare the appropriate judgment for entry by this Court.