JEM CO., INC.

v.

FAIRWAY CAPITAL CORP. and John T. Sheehan, Jr.

No. 95–475–A.

Supreme Court of Rhode Island.

May 30, 1996.

Kathleen Managhan, Newport.

Richard Galli, Providence.

## ORDER

This matter came before a panel of this Supreme Court on May 21, 1996, pursuant to an order directing both parties to appear and to show cause why the issues in this appeal should not be summarily decided. After hearing oral argument and examining the memoranda submitted by the parties, we conclude that cause has not been shown and the issues should be summarily decided.

This appeal arises from requests made to a Superior Court trial justice by both the plaintiff, Jem Co., Inc. (Jem Co.) and the defendant, Fairway Capital Corp. (Fairway), for awards of attorney's fees. The underlying substantive case between the parties involved the validity of two promissory notes allegedly due to Fairway. One of the notes was executed by Jem Co. in June 1990 in the amount of $150,000. The second note was executed by Jem Co. in August 1991, in the amount of $100,000. However, Jem Co., in a complaint filed in December 1992, sought to invalidate the notes, claiming that Fairway had fraudulently induced an officer of Jem Co. to execute the notes. Specifically, Jem Co. claimed that Fairway induced Jem Co.'s then 80–year–old president, John E. McGoff (McGoff), to execute a guarantee and mortgage on the $150,000 promissory note.

A trial without a jury was held on this matter in March 1995. The trial justice determined that the $150,000 note was valid and enforceable, finding that Fairway had not engaged in deceitful conduct in obtaining the note. However, the trial justice also found that the $100,000 note was null, void, and unenforceable due to duress on the part of Fairway. There was no appeal taken by either party on those findings by the trial justice.

The attorney-fees issue was another matter. The trial justice decided to award Fairway attorney's fees of $25,000 although Fairway had asked for an amount in excess of $63,000. Since Fairway had not completely prevailed during the underlying action, the trial justice would not grant the entire requested amount. The trial justice, however, denied Jem Co.'s request for attorney's fees. The decision to award Fairway the fees was based upon the fact that the validated $150,-000 promissory note contained a provision that clearly and explicitly stated that Jem Co. was obligated to pay Fairway's attorney's fees if Fairway instituted legal action to collect on the note. The $100,000 promissory note, since it was determined to be null and void by the trial justice, could therefore not be a basis for an award of attorney's fees and the trial justice denied Jem Co.'s fee request because of the absence of any statutory or contractual basis for such an award. Despite that absence of fee authorization, Jem Co. contended that it was entitled to attorney's fees under equitable principles and the trial justice could so award the fees based upon his inherent equitable powers. The trial justice was not persuaded to do so.

On appeal, Jem Co. argues that the trial justice erred in both awarding Fairway attorney's fees and denying Jem Co.'s attorney's-fees request. We are of the opinion that the trial justice ruled correctly regarding both matters. There is no general equitable right to attorney's fees in the absence of an authorizing statute or a contractual provision. *See*

*Washington Trust Co. v. Fatone,* 106 R.I. 168, 256 A.2d 490 (1969). We acknowledge, however, that in an appropriate case this Court may exercise its inherent power to fashion a remedy concerning counsel fees that would serve the ends of justice. *See Vincent v. Musone,* 574 A.2d 1234 (R.I.1990). In this case, since we discern no abuse of discretion on the part of the trial justice in his opting to deny Jem Co.'s request for counsel fees, we do not believe that the facts in this case merit our intervening to utilize our inherent remedial fashioning powers. *Cheetham v. Cheetham,* 121 R.I. 337, 342, 397 A.2d 1331, 1334 (1979).

For these reasons, the plaintiff's appeal is denied and dismissed, the judgment appealed from is sustained, and the papers of the case are remanded to the Superior Court.

MURRAY and LEDERBERG, JJ., did not participate.