DECISION
Before this court are plaintiffs' motions for attorney's fees in the above-captioned cases. In Bailey v. The Warwick ZoningBoard of Review, KC 96-229, plaintiffs move for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), G.L. 1956 § 42-92-1, et seq, for their successful appeal to Superior Court reversing the Warwick Zoning Board of Review's (Board) denial of a dimensional variance. Additionally, plaintiffs seek the balance of their attorney's fees pursuant to the court's inherent powers to fashion a remedy. In Smith v. The WarwickZoning Board of Review, KC 95-378, plaintiffs seek attorney's fees, pursuant to the court's inherent power to fashion a remedy, for their successful appeal of the Board's denial of a dimensional variance solely.[1]
 Equal Access to Justice Act
At oral arguments on plaintiffs' motion, the court, sua sponte, raised the question of whether or not the Warwick Zoning Board determines adjudicatory proceedings in accordance with the 1994 amendments to the EAJA. The EAJA was originally enacted to "mitigate the burden placed upon individuals and small businesses by the arbitrary and capricious decisions of administrative agencies made during adjudicatory proceedings." Taft v. Pare,536 A.2d 888, 892 (R.I. 1988). To mitigate this burden, the EAJA, prior to amendment, held the state responsible for reimbursement of reasonable litigation expenses when the individual or small business prevails in an action against the agency in which there was no substantial justification for the agency's action. G.L. 1956 § 42-92-1(b).
In 1994, the EAJA was amended to include "municipalities and their respective various agencies" among those governmental bodies covered under the EAJA. G.L. 1956 § 42-92-1. Today, the purpose of the EAJA is to make the state and local governments responsible for reimbursing reasonable litigation expenses. G.L. 1956 § 42-92-1(b). Included in these expenses is an award of attorney's fees that may not exceed seventy-five ($75.00) per hour. G.L. 1956 § 42-92-2(e)(1). In amending the EAJA, the Legislature amended the purpose section of the act, G.L. 1956 § 42-92-1, and the definition of agency, G.L. 1956 § 42-92-2(c), to include municipalities and their agencies. The EAJA defines an agency as "any state and/or municipal board . . . authorized by law to make rules or to determine contested cases. . . ." G.L. 1956 § 42-92-2(c). The Legislature also defines a municipality to include "individual cities and towns in the State of Rhode Island and including but not limited to any city or town housing authority, fire, water, sewer district, local or regional school district, public building authority or other municipal financed agency or department." G.L. 1956 § 42-92-2(g). Despite these amendments, the Legislature did not amend the definition of adjudicatory proceeding to include municipalities. G.L. 1956 § 42-92-2(b). This section currently defines an adjudicatory proceeding, as it had prior to the 1994 amendments, to include
 "[A]ny proceeding conducted by or on behalf of the state administratively or quasi-judicially which may result in the loss of benefits, the imposition of a fine, the adjustment of a tax assessment, the suspension or revocation of a license, permit, or which may result in the compulsion or restriction of the activities of a party. Any agency charged by statute with investigating complaints shall be deemed to have substantial justification for the investigation and for the proceedings subsequent to the investigation." G.L. 1956 § 42-92-2(b).
It is the court's obligation when interpreting a statute "to ascertain the intent behind [the] legislative enactment and to give effect to that intent." Kaya v. Partington, 681 A.2d 256, 260 (R.I. 1996) (citing State v. Delaurier, 488 A.2d 688, 693 (R.I. 1985)). In attempting to ascertain the legislative intent the court must construe the act in its entirety and by viewing it in light of the circumstances and purposes that motivated its passage. Krikorian v. Rhode Island Department of Human Services,606 A.2d 671 (RI. 1992). Though the court makes this determination by giving the words in the statute their plain and ordinary meaning, Id., the court "may depart from a mechanical application of statutory language or definitions, particularly in the event that application of mere semantics will defeat the purpose of the act." Kaya, 681 A.2d at 260. In its interpretation, the court will not "interpret" a statute to include a matter omitted unless the clear purpose of the legislation would fail without the implication. Wehr, Inc. v.Truex, 700 A.2d 1085 (R.I. 1997). In fact, the "court will not ascribe to the Legislature an intent to enact legislation that is devoid of any purpose, is inefficacious, or is nugatory."Cocchini v. City of Providence, 479 A.2d 108, 111 (R.I. 1984).
In this case, it is clear that the legislative intent regarding the EAJA amendments was to include municipal agency action within the definition of adjudicatory proceeding. If the court interprets the definition of an adjudicatory proceeding as excluding municipal agencies, then this omission would render the 1994 amendments to the EAJA meaningless. Initially, it must be determined if a zoning board is an agency under the EAJA's definition of an agency. An agency under the EAJA must determine contested cases. G.L. 1956 § 42-92-2(c). The Rhode Island Supreme Court has clearly held that a zoning board determines contested cases. Hillside Associates v. Stravato, 642 A.2d 664, 669 (R.I. 1994). Therefore, a zoning board is an agency under the EAJA's definition of an agency.
In addition to being an agency under the EAJA, the zoning board must determine adjudicatory proceedings under §42-92-2(b). To determine adjudicatory proceedings, the agency must be a quasi-judicial body that, among other things, compels or restricts a party's activities. In Hassell v. Zoning Board ofReview of East Providence, 108 R.I. 349, 275 A.2d 646 (1971), the Rhode Island Supreme Court held that a zoning board is a quasi-judicial administrative body. By granting or denying variances and special use permits, the zoning board compels or restricts a party's activities. Under the present definition of adjudicatory proceeding, only municipal boards acting "on behalf of the state" are covered by the EAJA. However, though a zoning board may not act on behalf of the state, neither do the municipal housing, fire, water, sewer, school, nor public building boards act on behalf of the state. Therefore, if a zoning board is not included as an agency determining adjudicatory proceedings, then the other municipal agencies enumerated in the definition of a municipality would also be eliminated from the definition of adjudicatory proceeding. This construction is illogical given the statute's underlying purpose and would render the 1994 amendments meaningless. However, by viewing the purpose of the EAJA in its entirety, the court finds that the Legislature intended to include adjudicatory proceedings by municipal agencies including municipal zoning board actions within the statute's definition. The definition of adjudicatory proceeding must be read to include actions on behalf of the municipality as well as actions on behalf of the state. Therefore, the Board's actions are subject to the EAJA.
Because the Board is encompassed within the purposes and definitions of the EAJA, the court must determine whether the Board was substantially justified in its decision such that an award of attorney's fees is not warranted. A Board is substantially justified in its decision if "the initial position of the agency, as well as the agency's position in the proceedings, has a reasonable basis in law and fact." G.L. 1956 § 42-92-2(f). To meet this test, the agency must show "`not merely that its position was marginally, reasonable; its position must be clearly reasonable, well founded in law and fact, solid though not necessarily correct.'" Krikorian, 606 A.2d at 675 (citing Taft, 536 A.2d at 893).
Plaintiffs move to receive the statutorily allowed $75 per hour, G.L. 1956 § 42-92-2(e)(1), totaling $1,575. This court finds that evidence in the record in Bailey was undisputed and witness testimony was unrebutted. Bailey v. The Warwick ZoningBoard of Review, C.A. KC 96-229, June 16, 1997, Silverstein, J. at 6. The Board's denial of a dimensional variance was clearly unreasonable, and the Board's decision was not substantially justified. As this court holds that the Board does decide adjudicatory proceedings under the EAJA, plaintiffs Baileys' motion for attorney's fees under the EAJA is granted.
 The Inherent Power of the Court to Fashion a Remedy
The court also must determine if attorney's fees may be awarded in Smith and Bailey under the court's inherent powers to fashion a remedy. The Rhode Island Supreme Court has consistently held that the right to recover attorney's fees does not exist at common law, and absent statutory authority or contracted liability, they may not be awarded. Eleazer v. Ted Reed Thermal,Inc., 576 A.2d 1217, 1221 (R.I. 1990); Orthopedic Specialists,Inc. v. Great Atlantic Pacific Tea Co., Inc., 120 R.I. 378,388 A.2d 352, 357 (1978); Waite v. Board of Review of the Departmentof Employment Security, 108 R.I. 177, 273 A.2d 670 (1971). The Court has also held that in an appropriate case the court has the power to fashion a remedy. Jem Co., Inc. v. Fairway CapitalCorp., 678 A.2d 1247 (R.I. 1996); Cheetham v. Cheetham,121 R.I. 337, 397 A.2d 1331 (1979). The Court has utilized this inherent power to award attorney's fees only in rare cases where the ends of justice would be served. Jem Co., 678 A.2d at 1247; Vincent v.Musone, 574 A.2d 1234 (R.I. 1990). Therefore, while this court does have the authority to award attorney's fees pursuant to its inherent powers to fashion a remedy, in the Bailey case, the EAJA provides a statutorily defined remedy for awarding attorney's fees. Because a statutorily defined remedy already exists, Bailey
does not warrant the use of the court's inherent power. As toSmith, the court does not find that the Board's conduct was so egregious as to implicate the court's inherent power.
For the above reasons, plaintiffs Baileys' motion is granted as to the award of attorney's fees under the EAJA. Judgment shall enter for the plaintiffs for the statutorily defined $75 per hour for an attorney's fee award of $1,575 to plaintiffs Baileys. Additionally, both plaintiffs' motions for attorney's fees under the court's inherent powers to fashion a remedy are denied. Counsel shall prepare the appropriate order for entry.
[1] The Smith Plaintiffs do not seek attorney's fees under the EAJA because their net worth exceeds the $500,000 statutory limit. G.L. 1956 § 42-92-2(d).