DECISION
The final issue to be resolved in this matter is whether plaintiff's, as the prevailing party in this action, request for costs (including cost for aerial maps, cost of survey and expert surveyor, and counsel fees) totaling approximately $12,080.65 should be granted.
Both parties have filed their respective memorandum of law, which has been considered by the court.
Previously, by written decision filed November 8, 1999, the court granted judgment in favor of plaintiff in her claim seeking to quiet title over a dispute portion of land claimed by defendant through adverse possession.
Following the filing of that decision, plaintiff moved that she be allowed to recover her costs pursuant to R.I.G.L. § 34-7-7 as well as R.I.G.L. § 42-112-2. Defendant has objected to plaintiff's recovery by plaintiff of the cost she seeks.
 DISCUSSION
The General Assembly has provided, in R.I.G.L. § 9-22-5, that "(I)n civil actions, at law, the party prevailing shall recover costs, except where otherwise provided, or as justice may require, in the discretion of the court."
The Rhode Island Supreme Court in Waldek v. Piner, 428 A.2d 1218, 1220 (R.I. 1985) held that the words "costs" without more will not be interpreted to include attorney fees, citing DiLorio v. Cantone,49 R.I. 452, 454 (1929).
Plaintiff argues that in filing her notice to dispute under R.I.G.L. § 34-7-6, she is entitled to the benefit of R.I.G.L. §34-7-7 which provides in part ". . . if the plaintiff in the suit prevails, he or she shall recover full costs."
Plaintiff further argues that the legislature has made clear that a plaintiff seeking to redress rights guaranteed under R.I.G.L. §34-7-6 is entitled "to recover the full costs . . . not merelyregular `costs'" in a civil suit under R.I.G.L. § 9-22-5.
Defendant counters that the general rule is that one may not recover attorney fees in the absence of statutory or contractual liability. Burke-Tarr Co. v. Ferland Corp, 1996 WL 937012, *5 (R.I. Super. 1996) (citing Washington Trust Co. v. Fatone, 106 R.I. 168
(1969)). The defendant further argues that the court in Burke-TarrCo. expressly rejected the identical argument that a prevailing plaintiff suing under R.I.G.L. § 34-7-6 is entitled to attorney fees under R.I.G.L. § 34-7-7.
Plaintiff has cited no decided cases which supports her position that by prevailing in her action brought pursuant to R.I.G.L. §34-7-6 she is entitled to recover her attorney fees under R.I.G.L. § 34-7-7.
Certainly, if, as plaintiff has argued, the legislature intended that she recover attorney fees as part of her "full costs," then there is no question that the legislature, by express statute, could have said as much.
Plaintiff has failed to persuade this court that she is entitled to recover attorney fees as the prevailing party inclusive of her "full costs" under R.I.G.L. § 34-7-7.
Alternatively, plaintiff argues that the acts of defendant were discriminatory, in that "(D)efendant sought to take advantage of the plaintiff, who is an elderly citizen . . . ." Plaintiff asserts that she is therefore entitled to attorney fees pursuant to R.I.G.L. § 42-112-2.
R.I.G.L. § 42-112-2 entitled "Civil Liability" provides, in part, that:
 "A person whose rights under the provision of § 42-112-1
have been violated may commence a civil action for . . . the award of compensatory damages and exemplary damages. An aggrieved person who prevails in an action authorized by this section . . . shall be entitled to an award of the costs of the litigation and reasonable attorney fees . . . ." (Emphasis added)
Nowhere in her complaint, which was filed, did the plaintiff allege that the conduct of the defendant, which preceded this action, was discriminatory based upon her age. Having not alleged, nor proven that defendant's actions were discriminatory, plaintiff cannot now claim an entitlement to attorney fees under this statute.
Plaintiff additionally has not provided any legal authority to support that she is entitled to recover the "cost of the aerial maps" and "cost of survey and expert surveyor," as a result of this action. Defendant also fails to provide any legal authority. Therefore, it is for this court to determine what the intent of the legislature was in allowing "If . . .plaintiff in the suit prevails, . . . shall recover full costs."
In a matter such as this, where rights to undeveloped real property are at issue, it would be reasonable to assume that reliance upon expert testimony, such as a land surveyor, would be expected.
Further, it would not be reasonable to assume that an objective expert, such as a land surveyor, would render those services gratis, without charge.
Based upon what this court considers the above reasonable expectations, this court rules that it was the intent of the legislature in allowing for a successful plaintiff to recover their "full costs" to include such costs necessary to protect rights such as these.
Defendant does not argue that the amount of the expenses for the aerial map or the surveyor are not reasonable. Therefore, the court orders defendant is responsible for plaintiff's full cost, including aerial map and expert surveyor.
Counsel for plaintiff shall prepare a judgment consistent with the decision of this court.