JOHN CANNON, Appellant, *vs.* JAMES MCENANLY *et al.*

PROVIDENCE—NOVEMBER 17, 1898.

PRESENT: Matteson, C. J., Tillinghast and Rogers, JJ.

(1) *Appeals from Probate Courts. Filing Reasons out of Time. Irregularity.*

The claiming of an appeal from a decree of a Probate Court, and the filing and approval therein of an appeal bond, together with a claim for a jury trial, removes the case in which the decree was entered from that court to the Common Pleas Division of the Supreme Court.

If the reasons of appeal are not filed within the statutory period of fifty days, further time therefor, for cause shown, may be granted by the latter court; and it is not essential that the motion for leave to do so be filed within the fifty days.

(2) *Defective Pleading.   Estoppel.*

After three jury trials of such an appeal the appellee is estopped from tak-
ing advantage of any defect in the pleadings, unless such defect be
jurisdictional.

(3) *Motion to Dismiss.   Irregularity.*

A motion to dismiss is irregular when made after the case has been cer-
tified to the appellate division on petition for a new trial on the ground
that the verdict is against the evidence.

PROBATE APPEAL from a decree disallowing an instrument
purporting to be a last will and testament.   After verdict
for the appellant the appellee petitioned for a new trial and
subsequently filed a motion to dismiss on the ground that the
reasons were not filed within fifty days from the entry of the
decree.

MATTESON, C. J.   The record shows that the decree of the
Municipal Court of the City of Providence, disallowing the
instrument purporting to be the last will and testament of
Mary Cannon, deceased, was entered on September 13, 1895;
that the appellant, on September 24, 1895, filed in that court
his claim of appeal, and also an appeal bond which was duly
approved by the judge of the court, but that he did not file
his reasons of appeal in the Common Pleas Division within
fifty days from the entry of the decree from which the appeal
was taken; that after the expiration of the fifty days, on De-
cember 14, 1895, the Common Pleas Division, on the appel-
lant's motion, granted leave to file reasons of appeal, and
subsequently the then attorneys of the appellees acknowledged
notice of the appeal, the receipt of a copy of the reasons
therefor, and also service of summons to appear in the case.

The appellees now move to dismiss the appeal because the
motion in the Common Pleas Division for further time in
which to file the reasons of appeal was not made within the
fifty days ensuing the date of the determination appealed
from.   They contend that the granting of the motion after
the fifty days had elapsed was in excess of the jurisdiction
conferred on the court by the Judiciary Act, cap. 28, § 6, as
amended by § 89 of the act entitled " An act in amendment

of the Judiciary Act, passed May 17, 1895, and which has
since been re-enacted, in the same words, as Gen. Laws R. I.
cap. 248, § 6, as follows:

"Reasons of appeal, specifically stating the grounds of
such appeal, shall be filed in the office of the clerk of the
division appealed to, within the period of fifty days from the
date of determination appealed from; to which reasons the
appellant shall be restricted, unless, for cause shown and
with or without terms, the said division allow amendments
thereof and additions thereto.   And notice of the appeal, and
a copy of the reasons thereof, shall be served on each of the
adverse parties, and said notice of appeal shall contain a sum-
mons to appear on such assignment-day, and shall be served.
on each of the adverse parties at least five days prior to such
assignment-day: *Provided*, that for cause shown further
time may be granted by any justice of the supreme court, in
any county, with or without costs, in his discretion, either to
file a certified copy of the record of the proceedings appealed
from, or reasons of appeal, or to make service, or further
service, as aforesaid, or as directed by the court; *and pro-
vided generally*, that the appellate court may make such
other and further order as, in its discretion, the circum-
stances of the case may require."

(1)    We do not think that the Common Pleas Division exceeded
its jurisdiction.   The claiming of the appeal, and the filing
and approval of the bond in the Municipal Court, and the
claiming in that court of a jury trial, removed the case to
the Common Pleas Division.   Judiciary Act, cap. 28, § 2;
Gen. Laws R. I. cap. 248, § 2.   The purpose of the reasons
of appeal is to notify the adverse party of the grounds of ap-
peal, that such party may be apprised of what he is to meet
at the trial.   If they are not filed within the period specified,
the statute provides that, for cause shown, further time may
be granted.   This provision was enacted to afford a remedy
to a party failing to file his reasons of appeal within the
specified time, through accident, mistake, or other cause.
Our opinion is, too, that it was not necessary that the motion
for further time should have been filed within the fifty days;

for if there was time to make the motion within the fifty days there would ordinarily be no necessity for it, since there would be sufficient time in which to file reasons of appeal; and the purpose of the provision, as already stated, was to afford a remedy in case of failure to file the reasons through accident, mistake, or other cause, which might operate to prevent the filing of a motion for further time until the fifty days had elapsed.

(2)    This motion comes with poor grace after three jury trials have been had, the last of which resulted in a verdict for the appellant.    Having subjected the appellant to the expense of a protracted litigation and taken its chances, the appellees are estopped from taking advantage of any defect in the pleadings, if defect exist, unless such defect be jurisdictional. *Tingley* v. *City of Providence*, 9 R. I. 388; *Patton* v. *Hughesdale Mfg. Co.*, 11 R. I. 188; *In Re Washington street*, 19 R. I. 156.

(3)    Moreover, the motion to dismiss is itself irregular, since it does not appear that it was made in the Common Pleas Division, and the case has been certified to us merely on the appellees' petition for a new trial on the ground that the verdict is against the evidence.

The motion to dismiss is denied.

*Stephen A. Cooke and Louis L. Angell*, for appellant.

*Walter R. Stiness, Edward C. Stiness, and James M. Gillrain*, for appellees.