Clarington E. Taylor *vs.* The Superior Court.

DECEMBER 8, 1909.

Present: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)   *Guardian and Ward.   Actions.   Certiorari.   Amendment.*

A., while under guardianship, filed a claim against the estate of B.   After disallowance of the claim, A. brought suit in his own name against the administrator of B.   Defendant having pleaded in abatement, A., by his attorney, filed his motion to amend his writ and declaration so as to make

the guardian a party plaintiff, and the Superior Court granted said motion. It did not appear that the guardian had knowledge of or consented to the proceedings, nor did he appear in the case.   On certiorari:—

*Held,* that the suit should have been brought by the guardian in the name of the ward, and it was improperly brought by the ward in his own name, and was improperly amended in his behalf.

*Quære,* if the unauthorized acts of the ward could be ratified and validated by the guardian.

CERTIORARI.   Petition granted.

DUBOIS, C. J.   This is a petition for a writ of *certiorari,* setting forth, *inter alia,* that on the 26th day of September, A. D., 1907, said petitioner was appointed, by the Probate Court of the Town of Cranston, administrator of the estate of Nancy R. Mathewson, late of said Cranston, deceased, and qualified as said administrator; that on the 5th day of October, A. D. 1907, the petitioner made first publication of notice of his qualification as said administrator; that on the 13th day of November, A. D. 1907, one Henry J. Ralph filed in the office of the clerk of the Probate Court of said town of Cranston a claim against said estate of Nancy R. Mathewson for the payment of money to him; that on the 15th day of February, A. D. 1908, the petitioner, as said administrator, disallowed said claim of said Henry J. Ralph, and gave said claimant notice thereof; that on the 8th day of May, A. D. 1908, said Henry J. Ralph instituted suit against the petitioner as said administrator upon said claim; that on the 20th day of May, A. D. 1908, the writ and declaration were entered in the Superior Court, and the case is numbered 24,446 therein; that on the 26th day of May, A. D. 1908, the petitioner, as said defendant, entered in said Superior Court a plea in abatement of said writ, for that said plaintiff at the commencement of said suit was, and still was, under a guardianship of his person and estate by virtue of a decree of the Probate Court of the town of Cranston, a court of competent jurisdiction in the premises; that on the 17th day of February, A. D. 1909, after the expiration of the period of time in which suit might be brought on said claim disallowed as aforesaid, the plaintiff Henry J. Ralph, by and through his attorneys, without traversing said plea in

abatement of said defendant, filed in the office of the clerk of said Superior Court a motion in writing that he be allowed to amend his writ and declaration in the following particular:

"That William R. Sherman of Providence, guardian of the person and estate of said plaintiff, be made a party plaintiff in the above entitled action, so that said writ as amended will read 'Henry J. Ralph, who sues by William R. Sherman as guardian of his person and estate,' and that a similar amendment be permitted in the declaration in said case."

That on the 27th day of February, A. D. 1909, said motion came on to be heard by and before one of the justices of said Superior Court and against the objection of said petitioner as said defendant was granted by said justice; that said Superior Court was without jurisdiction to grant, permit, and allow said plaintiff to amend his writ and declaration in manner as aforesaid: and the petition concludes with a prayer that this court will issue its writ of *certiorari* to said Superior Court of the counties of Providence and Bristol to certify the records relating to the matter of said cause herein mentioned and described to this court, that the same, or so much thereof as may be wrong, erroneous, and illegal, may be quashed.

The citation issued thereon has been duly served upon Henry J. Ralph and William R. Sherman, guardian of the person and estate of said Ralph, who have not denied any of the allegations of fact contained in said petition.

(1) It therefore appears that said Ralph, while under guardianship, filed a claim for payment of his personal services against the estate of Nancy R. Mathewson, deceased; and, for anything that appears, said claim was filed without the knowledge or consent of said Sherman, his guardian. After said claim was disallowed by Clarington E. Taylor, the administrator of the estate of said deceased, Ralph brought suit in his own name, by attorney, as if he was a person *sui juris*, against said Taylor in his said capacity; it does not appear that this action was with the knowledge or consent of his guardian. The defendant Taylor having filed his plea in abatement, setting forth the disability of the plaintiff, said Ralph, not suggesting knowledge or consent on the part of his guardian, but by his own attorney,

filed his motion to amend his writ and declaration so as to make his guardian a party plaintiff in said action, and the Superior Court granted said motion. William R. Sherman, guardian of the person and estate of said Henry J. Ralph, has never appeared in said case, or made any motion for leave to intervene; nor has he done anything, or attempted to do anything, to ratify or confirm such unauthorized acts of said Ralph, if the same are capable of being ratified and confirmed, or of being adopted by said guardian as his own acts. The question to be determined is whether the Superior Court, under this state of facts and pleadings, had jurisdiction in the premises to grant said motion to amend.

In the case of *Hamilton* v. *Colwell*, 10 R. I. 39 (1871), this court held, in relation to infants and persons of full age under guardianship: "Both are incapable of contracting; and we see no reason why one should render himself liable for costs, or appoint an attorney, more than the other. And in *Mason* v. *Mason*, 19 Pick. 506, 508, the court recognize it as a general rule, that an infant cannot institute a suit without a guardian, and the question in that case was, whether it was an exception to that general rule. · · · · The first act relating to guardians passed in this colony, A. D. 1742, authorized the councils to appoint guardians of persons delirious, distracted, *non compotes*, of persons likely for want of discretion to bring themselves to want, etc., to take charge of their estates, to transact their secular affairs, and to sue in the behalf and name of such person, in as full and ample order as they themselves could if *compos mentis*.

"Our ordinary practice was probably founded on this, and we think it the settled and proper form, that the suit should be in the name of the ward, by his guardian. In such a case, if removed, the suit would not abate, and if the infant became of age, the suit would remain to him."

It thus appears that the suit must be brought by the guardian, in the name of the ward. There is no authority for the ward to bring suit in his own name or in the name of his guardian. As was said by Dewey, J., in *Mason* v. *Mason, supra,* commenting upon the case of *Manson* v. *Felton*, 13 Pick., 206:

· " The legal incapacity of the ward to act in all cases of contract, is distinctly ruled.    Being under this disability, is it not a proper inference that he is disqualified from instituting suits at law in his own name?    Would not such a power in the hands of the ward be liable to great abuses, and tend to defeat the design of the legislature in subjecting him to a guardianship? As a general principle, I suppose, his incapacity to institute suits at law, without the concurrence of his guardian, will be readily admitted."    The suit was therefore improperly brought by the ward in his own name, was improperly maintained by him, and was improperly amended in his behalf.    The question of whether the unauthorized acts of the ward can be ratified and validated by the guardian is a question not presented in this case.

For these reasons we are of the opinion that the Superior Court had no jurisdiction to grant the motion of Henry J. Ralph to amend his writ, whereof the petitioner complains.

The petition is therefore granted, and the writ of *certiorari* will issue accordingly.

*Edward M. Sullivan*, for petitioner.
*Cooney & Cahill*, for respondent.