ZACHARIAH T. CHAMPLIN, *pro ami vs.* PROBATE COURT OF EXETER.

FEBRUARY 9, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Guardian and Ward.  Appeals.  Certiorari.  Procedure.*

As an expectant heir of the ward is not a person aggrieved by a decree appointing a guardian of a person of full age, he is not entitled to seek for a writ of certiorari for the purpose of quashing the decree appointing the guardian.

*(2)  Guardian and Ward.  Appeals.  Procedure.*

A person of full age placed under guardianship by a probate court "from a want of discretion in managing his estate" has a right to appeal from the decree of such court and he can take it in his own person, notwithstanding the usual rule that actions in behalf of a ward should be brought in the name of the ward by his guardian, and so also the ward may attack the validity of a decree appointing such guardian, by certiorari, in his own proper person.

*(3)  Guardian and Ward.  Next Friend.*

When the interests of a guardian and ward are adverse, as in an appeal from a decree appointing the guardian, if the ward needs to be represented by another person it should be by a next friend but in such case the disability of the ward must be alleged.

*(4)  Guardian and Ward.  Next Friend.  Intermeddler.*

Where a next friend representing a ward proves to be merely an intermeddler, the petition will not be considered.

CERTIORARI.  Heard on petition for writ and denied.

BAKER, J.  This is a petition for a writ of certiorari sought to be issued for the purpose of quashing a certain decree of the court of probate of the town of Exeter, in the county of Washington, in this State, entered May 6th, 1901, whereby Eben Slocum of said Exeter was appointed guardian of the person and estate of said Zachariah T. Champlin, of said Exeter, a person of full age, but represented to be wanting in discretion in the management of his estate and liable to bring himself to want and to render himself a charge upon said town.  The allegations of the present petition are that said decree is defective and invalid in that it does' not show the finding of the facts necessary to entitle the court to enter such decree.  Service of the citation issued on the pending petition was made upon said Eben Slocum and the probate clerk of said probate court.  Eben Slocum has appeared and "contends that the petitioner is not entitled to be heard;" and that "this petition was brought against the will and wishes of the ward Zachariah T. Champlin."  The petition in this case is brought by "George H. Champlin . . . as son and next friend of Zachariah T. Champlin, a person of full age . . . " and is signed "George H. Champlin."  In other words, it is not the petition of Zachariah T. Champlin and does not purport so to be except in the caption.  Unless this defect is only a formal one and thus amendable the petition has no standing in court.  The record produced shows that George H. Champlin appeared before said court of probate and opposed the appointment of said Eben Slocum as guardian, yet he could not have taken an appeal from said decree because not "aggrieved" thereby.  *Hadfield* v. *Cushing*, 35 R. I. 306 and cases cited.  For a like reason he is not entitled personally to seek for a writ of certiorari in the present case.  4 Ency. Pl. & Pr. 167.  But there is nothing in the record which shows incapacity on the part of Zachariah T. Champlin to file in his own proper person a petition for a writ of certiorari. It is true that this court has held that when a guardian has been duly appointed, an action at law in behalf of the ward

should be brought in the name of the ward by his guardian. *Hamilton* v. *Colwell,* 10 R. I. 39; *Williams* v. *Smith,* 28 R. I. 125; *Taylor* v. *Superior Court,* 30 R. I, 200 and 560.   And this, no doubt, applies to spendthrifts as well as to lunatics. But there is an obvious distinction between lunatics and spendthrifts in respect of mental capacity.   The terms "lunatic, idiot or person of unsound mind" used in the statute in their natural and ordinary use indicate a condition of mental disability and incapacity.   In the case of spendthrifts there is no necessary implication of natural or mental incapacity.   *Manson* v. *Felton,* 13 Pick. 206, 210.   A person of full age placed under guardianship by a probate court "from a want of discretion in managing his estate" has a right to appeal from the decree of such court and he can take it in his own proper person.   And for a somewhat similar reason, although having taken no appeal, when he directly attacks the validity of a decree appointing such guardian by a writ of certiorari he may proceed in his own proper person.   The question involved is his capacity to manage his own affairs.   A person of full age is presumed to have such capacity until by a valid legal judgment or decree it is determined otherwise.   This court has recognized a petition by a spendthrift in his own person as the proper mode of procedure in cases of this kind.   *Pratt* v. *Court of Probate of Pawtucket,* 22 R. I. 596, *Bennett* v. *Randall,* 28 R. I. 360, and *Brown* v. *Probate Court of Warwick,* 28 R. I. 370, were all cases asking for the writ of certiorari for quashing a decree of a court of probate appointing a guardian over a spendthrift and in each case inspection of the papers shows that the petition was brought by the ward in his own proper person.   It is conceivable that there may be persons of full age incapable of acting for themselves, though neither idiots nor lunatics, and that in consequence it may be necessary for them to sue either by guardian or next friend. Daniels Chancery Pl. & Pr. Vol. 1 *86 and cases under note 1. When the claim and interest of the guardian is adverse to that of his ward, as in a proceeding of this character, then

(3) if the ward needs to be represented by another person it would naturally be by a next friend.  In such case the disability of the person in whose name the petition is brought must be alleged.  14 Ency. Pl. & Pr. 1051.  The present petition is at least formally defective in that respect.  But even if it be assumed that all the defects of the petition in the present proceeding are formal and amendable, nevertheless the petition is not entitled to a hearing if the person representing himself to be the next friend is simply an intermeddler.  Said Zachariah T. Champlin has appeared before this court and has been examined as a witness and has testified without contradiction that the present proceeding was commenced without his knowledge or authority, and has also stated that he does not desire its further prosecution.  In these circumstances George H. Champlin appears in this proceeding as an intermeddler, and therefore we deem it unnecessary to further consider the petition.

It is denied and dismissed.

*Edward M. Sullivan, Francis E. Sullivan,* for petitioner.
*A. B. Crafts,* for respondent.