HENRY C. COCHRANE *vs.* JESSIE MAY TRAYNER.

MAY 23, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This action of trespass and ejectment was brought by a guardian in the name of her ward. In the district court the defendant filed an entry of appearance. After hearing in said court a decision was entered for the defendant. Thereafter, on an appeal filed by the guardian in the name of her ward, the case was heard de novo in the superior court on the same .pleadings before a justice thereof sitting without a jury and again resulted in a decision for the defendant. The case is now before this court on a bill of exceptions filed by the guardian in behalf of and in the name of the ward excepting to said decision and to certain evidentiary rulings.

The following pertinent facts appear from the record. In 1942 the ward, Henry C. Cochrane, who is the nominal plaintiff in this action, voluntarily petitioned the probate court of the town of Johnston praying that his sister, Grace C. Pearce, be appointed guardian of his person and estate. He based the petition on the statutory ground that, being a person of full age, from excessive drinking and from want

of discretion in managing his estate, he so spent, wasted, or lessened it, or was likely so to do, that he might bring himself or family to want or suffering, or might render himself or family chargeable upon the town for support. After a hearing on the petition the probate court appointed the ward's sister guardian in accordance with the prayer in said petition.

For some time prior to 1957 the ward lived in a house owned by him in the town of Johnston. In July 1957 defendant, at his invitation, moved into his home as his housekeeper. Thereafter, on June 10, 1959, they were married in Massachusetts. The guardian did not approve of the marriage and on June 17, 1959 she notified defendant in writing to vacate the premises. Upon defendant's failure to comply with the notice and her refusal to allow the guardian on the premises, the guardian caused the instant writ to be issued in the name of the ward.

At the hearing the guardian testified in substance that defendant and her family had taken over full control of the premises so that she was unable to perform her duties as guardian for her brother and his estate. The ward was called as a witness by defendant. He testified that he did not desire to have defendant removed from the premises. Over the guardian's objections the trial justice permitted defendant and the ward to testify concerning the marriage.

In his decision the trial justice held that the marriage between the ward and defendant was prima facie valid, but he pointed out that he was passing on the validity of the marriage only insofar as it pertained to the case at bar. Therefore, because the writ was brought by the guardian in the name of plaintiff and in his behalf, he held that under the decision in *Kelley* v. *Kelley,* 51 R. I. 173, the instant action could not be maintained and consequently he entered a decision for defendant.

Under exception 16 the guardian contends that the decision of the trial justice is erroneous. She argues that al-

though compliance with the rule established in *Hamilton* v. *Colwell,* 10 R. I. 39, compels her to bring the instant action in the ward's name, she, in reality, is the real plaintiff, and as guardian has the right to possession of the ward's real estate not only against defendant but even against the ward himself. She relies on certain language appearing in *Searle* v. *Laraway,* 27 R. I. 557, at page 560, where in discussing the right to possession of the real estate involved in that case the court stated: "Now it is entirely obvious that upon the appointment of the mother as guardian of these minors, on June 8, 1869, she then became entitled in that capacity to the possession of the estate. Nor could they dispossess her so long as she remained guardian."

The guardian also cites an old Virginia case, *Truss* v. *Old,* 6 Randolph 556, in which the court used the following language: "When we consider the purposes for which the law appoints Guardians to infants, it is obvious that to enable them to effect the objects of their appointment, they must have a legal right to the exclusive possession and controul of the infant's property, so long as the Guardianship continues, without which they could not manage the property beneficially for the infant * * *."

It is pertinent to point out that the case at bar does not involve the ordinary landlord and tenant relationship. The only issue before us is the narrow question involving the right to possession between the guardian and the defendant who claims a right to such possession merely by virtue of her marriage to the ward.

After careful consideration it is our opinion that the guardian by virtue of her office was entitled to the possession of the premises in question and that the trial justice erred in deciding for the defendant. The reasoning of the court in *Searle* v. *Laraway, supra,* and *Truss* v. *Old, supra,* applies with equal force to the instant case.

The ward is only the nominal plaintiff. The guardian is the real plaintiff. She is clothed with authority vested in

her by virtue of her appointment as guardian to control the real estate of the ward. Such control necessarily includes, as between the guardian and the ward, the right to possession as long as the guardianship continues. The rule laid down in *Kelley* v. *Kelley, supra,* holding in effect that one spouse cannot exclude the other spouse from their home does not apply to the peculiar circumstances of the case at bar. Chaos in the administration of guardianship proceedings would result if a ward, merely by marriage and nothing more, could divest a guardian of authority lawfully conferred by a court of competent jurisdiction. Exception 16 is therefore sustained.

In view of our conclusion sustaining exception 16 it becomes unnecessary to consider the plaintiff's other exceptions.

The plaintiff's exception to the decision is sustained and on June 7, 1961 the defendant may appear before this court to show cause, if any she has, why the case should not be remitted to the superior court with direction to enter judgment for the plaintiff for possession and costs.

### SHOW CAUSE HEARING.

#### JUNE 20, 1961.

PER CURIAM. In the above-entitled case, pursuant to our opinion heretofore filed, the defendant through her attorney appeared to show cause why the case should not be remitted to the superior court with direction to enter judgment for the plaintiff for possession and costs. At that time the defendant presented reasons orally in support of her contention that the trial justice's decision should not be disturbed, and later by leave of court defendant also filed a brief.

After careful consideration of the argument and brief, we are of the opinion that the defendant has failed to show cause why our conclusions should be changed. Therefore

the case is remitted to the superior court for entry of judgment for the plaintiff as directed in the opinion.

*Fergus J. McOsker,* for plaintiff.

*Robert T. Flynn,* for defendant.