GRACE C. PEARCE, *Guardian vs.* HENRY C. COCHRANE *et al.*

NOVEMBER 29, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a bill in equity brought by a guardian against her ward and the ward's wife. It was heard in the superior court on bill, answer and proof and thereafter a decree was entered granting the first two prayers and denying the third prayer. The complainant has appealed from the decree and her reason of appeal relates to that portion of the final decree wherein the trial justice denied the third prayer of the bill which reads as follows: "That the said Jessie Mae Trayner also known as Jessie Mae Cochrane be enjoined and commanded to give up residence at the home of the said Henry C. Cochrane."

The bill states that complainant by decree of the probate court of the town of Johnston was appointed guardian of the person and estate of her brother, respondent Henry C. Cochrane, and qualified as such on November 10, 1942; that respondent Jessie claims to be the wife of respondent Henry by reason of a marriage ceremony performed on June 10, 1959 in the town of Seekonk, Massachusetts; and that respondent Henry is under the complete domination and control of respondent Jessie to the extent that he refuses to comply with the reasonable requests of complainant, particularly concerning his physical and mental welfare.

It is also alleged in said bill that complainant has been obliged to seek hospitalization for her ward at the Naval

Hospital in Newport to which he was moved on July 20, 1959; that the diagnosis at that time was infarction of myocardium from which he recovered; that he was discharged on August 19, 1959; that complainant was unable to control the movements of her ward; and that through the improper actions of respondent Jessie she has been unable to properly exercise her duties as guardian.

The complainant alleges further that respondent Henry is a chronic paranoid schizophrenic of mild severity and with moderate impairment; that he has failed to keep appointments with doctors due to the unlawful acts of respondent Jessie; that the supposed marriage ceremony was a planned and calculated evasion of the laws of this state and was in direct defiance and against the consent of complainant; and that respondent Jessie contrary to the orders of complainant as guardian refuses to remove herself from the property of the ward and has caused the locks thereon to be changed so that admittance thereto is no longer possible to complainant.

From the evidence it appears that because of respondent Henry's excessive drinking he had complainant appointed as his guardian on November 10, 1942. At some time in 1957 respondent Jessie came to live at respondent Henry's house as his housekeeper. On June 10, 1959 they were married in Seekonk, Massachusetts. No question of the legality of the marriage is raised although respondent Henry did not seek the permission of his guardian for his marriage and the evidence indicates that she was opposed to it for various reasons. Thereafter there was more or less conflict between respondent Jessie and complainant. The house in Johnston where respondent Henry lived belonged to him but he was under guardianship both as to his person and his estate.

In her appeal complainant seeks to have respondent Jessie enjoined from residence in the home of her husband.

The trial justice denied her prayer. In his decision he states: "After the marriage the respondents, acting in concert, have made it impossible for complainant to do her duty as Guardian," and then, "The respondents being lawfully married, the respondent Jessie Mae Trayner is entitled to live with her husband wherever he shall have his home. *In re Chace* [26 R. I. 351]."

While the trial justice does not say in so many words that respondent Jessie is entitled to live in the house where she is now living, he does say that she is entitled to live with her husband. Since the husband desires to live where he is living at present the effect of the decision is that she is permitted to live where he is living.

This court in a case involving the same parties, *Cochrane* v. *Trayner*, 93 R. I. 42, 171 A.2d 80, at page 82, stated: "She is clothed with authority vested in her by virtue of her appointment as guardian to control the real estate of the ward. Such control necessarily includes, as between the guardian and the ward, the right to possession as long as the guardianship continues. * * * Chaos in the administration of guardianship proceedings would result if a ward, merely by marriage and nothing more, could divest a guardian of authority lawfully conferred by a court of competent jurisdiction."

In opposition to complainant's position respondents cite *In re Chace, supra.* In that case Mr. Chace, a person of full age under guardianship, without permission of his guardian went into Massachusetts and there married. Thereafter he and Mrs. Chace returned to Rhode Island. Some time later the guardian removed Mr. Chace from his home against his protest and that of his wife. Thereafter the wife brought habeas corpus proceedings. In granting the writ the court said at page 360: "It needs no argument nor citation of authority to show that, in the absence of very exceptional circumstances, a wife is entitled to the society

of her husband, free from the restraint of any third person. No such circumstances appear in this case. And, taking the facts above recited as true, as they must be assumed to be in the absence of anything to the contrary, it appears that the wife of the ward is prohibited by the guardian from enjoying the society of her husband, and that he is being restrained of his liberty in a way which calls for the interference of this court."

The respondents rely on this case as sustaining the position of the trial justice and we think properly so. The relation of a husband and wife is such that it will not be disturbed except in the most exceptional circumstances, which we find are absent in the case at bar. Here there was more or less friction between respondent Henry and the complainant, and particularly between respondent Jessie and complainant but it was not such as to require extreme action, namely, a separation of husband and wife by the court. We are of the opinion that the *Chace* case, *supra,* is controlling in the situation here presented.

As indicated above, the complainant as guardian is in control of her ward's property, to wit, the house where the respondents are now living, and can by reason of such control remove both from that property, but as long as the ward is permitted to remain there his wife must be permitted to remain there as well.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Fergus J. McOsker,* for complainant.

*Robert T. Flynn,* for respondents.