335 A.2d 327.

WILLIAM H. CHEETHAM *vs.* MARIE A. CHEETHAM

APRIL 10, 1975.

PRESENT: Roberts, C .J., Paolino, Joslin and Doris, JJ.

PER CURIAM. This case is before us on the plaintiff's appeal from an order entered in the Superior Court ap-

proving and accepting a report filed by a special master in chancery.

The plaintiff filed the original complaint against his then wife, defendant in this case, in early 1971. The complaint alleges that in June 1967, defendant procured from him, through undue influence and duress, an instrument purporting to grant to defendant plaintiff's power of attorney; that thereafter defendant employed the power of attorney to deprive him of his property and rights; namely, money, accounts, corporate papers, and business assets; and that as a result of defendant's refusal to return said power of attorney and properties and her refusal to grant plaintiff an accounting or allow him to review same, plaintiff has been illegally shut out of his home and business and profits therefrom before and since January 1968. In brief, the complaint alleges illegal incarceration, and breach of trust by defendant arising essentially out of the power of attorney which defendant obtained from plaintiff.

The complaint includes various prayers for relief including requests for an accounting and for damages for false imprisonment. The requested accounting pertains to a funeral home business and a certain parcel of real estate held jointly in the names of plaintiff and defendant. The defendant's amended answer contains a prayer for partition of the real estate in question.

The case was reached for hearing on February 1, 1972. The trial justice, without passing on the legal questions raised by the pleadings and over the objection of plaintiff, appointed a special master in chancery pursuant to Super. R. Civ. P. 53 for the specific purpose of auditing the records of the funeral home business involved in this case. The master held hearings thereon and on October 25, 1973, filed his report in the Superior Court. On the same day a motion requesting approval of the master's report was also filed. After a hearing on the motion for

approval, the trial justice rendered a decision accepting and approving the master's report. The trial justice noted in her decision that she was aware of the fact that there were other matters pending in this case, but she pointed out that she had specifically noted to counsel when this case was reached that before she could intelligently consider other pending matters, an accounting was essential. An order incorporating her decision was filed and plaintiff appealed.

The threshold question raised by this appeal is whether there is any merit to plaintiff's contention that the appointment of a master was improper in this action and that it was an abuse of discretion to order trial of an equitable claim for an accounting before hearing and disposing of the legal issues on which the equitable claims depend.

In our judgment there is merit to the plaintiff's contention. In order to determine the equitable issue of the right to account, value of services, fiduciary's liability for breach of duty, and fiduciary's forfeiture of right to compensation, it is first necessary to determine the legal questions pertaining to ownership, the existence of a joint tenancy, what was the contribution of each, whether a conversion had been attempted by the defendant while acting as a fiduciary, whether there was a conveyance by the plaintiff to the defendant of any interest, and whether there had been a breach of duty by the defendant. We are convinced that the plaintiff was prejudiced by the settling of equitable claims first and therefore we hold that it was an abuse of discretion to order an accounting before determining the legal issues upon which rested the equitable determinations pursuant to the accounting. *Cf. Suplee* v. *Eckert,* 38 Del. Ch. 359, 152 A.2d 289 (1959). This error requires a remand of the case for further pro-

ceedings and therefore we do not reach or decide the other issues raised by the plaintiff.

The plaintiff's appeal is sustained, the order appealed from is reversed, and the cause is remanded to the Superior Court for further proceedings.

Mr. Justice Kelleher did not participate.

*Francis J. Maguire,* for plaintiff.

*John F. Sherlock, Jr.,* for defendant.