CHURCH OF PAN, INC.

v.

**John H. NORBERG, Tax Administrator.**

No. 81–361–M.P.

Supreme Court of Rhode Island.

May 18, 1982.

A. Gregory Frazier, Rhode Island American Civil Liberties Union Foundation, Inc., Warwick, for petitioner.

Dennis J. Roberts II, Atty. Gen., Perry Shatkin, Chief Legal Officer, Division of Taxation, for respondent.

OPINION

PER CURIAM.

This case came before a three-member panel of this court pursuant to a motion for reconsideration by the Church of Pan, Inc., of a previous order of this court denying a petition for certiorari on the ground that the petitioner had appealed the decision of the tax administrator erroneously to the Superior Court rather than to the District Court pursuant to the provisions of G.L. 1956 (1980 Reenactment) § 44–19–18. The parties argued this matter on March 16, 1982. Both parties contended that the Superior Court was the appropriate forum for an appeal of the tax administrator's ruling on a request for an exemption certificate under § 44–18–30(E). We were not persuaded by these arguments and are of the opinion that the wording of § 44–19–17 provides for a contested hearing to "[a]ny person aggrieved by any assessment, deficiency *or otherwise* * * *." (Emphasis added.) We feel that this language is broad enough to relate § 44–19–17 and § 44–19–18, which specifically provides for judicial review by the District Court.

However, since the decision of the tax administrator contained a notice that such decision was appealable to the Superior Court and since the statutory provisions are less than crystal clear, we are of the opinion that petitioner (at that time unrepresented by counsel) was undoubtedly misled thereby.

As a consequence, we shall review the denial of the requested tax exemption by issuing a writ of common-law certiorari. In view of the substantial issues raised by this petition in respect to the First Amendment to the Constitution of the United States and the equal-protection clause of the Fourteenth Amendment to the Constitution of the United States and in view of the fact that the record before the tax administrator was developed by petitioner without the aid

of counsel, we shall fashion a remedy in this case in order to secure an adequate factual predicate for our determination of the legal issues presented. *See Cheetham v. Cheetham*, R.I., 397 A.2d 1331 (1979); *Hyde v. Superior Court*, 28 R.I. 204, 66 A. 292 (1907).

We therefore remand this case to the Superior Court for an evidentiary hearing concerning the eligibility of the Church of Pan, Inc., for the tax exemption for which it has applied. Upon hearing such evidence as the parties may present, the justice of the Superior Court before whom the hearing is conducted will make findings of fact and conclusions of law. The entire record will then be certified to us for our determination. We specifically admonish the parties and the trial justice of the Superior Court that we do not wish this matter to rest upon the record developed before the hearing officer in the office of the tax administrator.

For the reasons heretofore stated, a common-law writ of certiorari may issue, and the case shall be remanded to the Superior Court for an evidentiary hearing, and thereafter the entire record will be returned to this court for review.

MURRAY and SHEA, JJ., did not participate.