Steven M. CLARKE

v.

Richard MORSILLI et al.

No. 98–110–M.P.

Supreme Court of Rhode Island.

Sept. 24, 1998.

Patrick J. Quinlan, Providence.

Amelia E. Edwards, Katherine Tammelleo, Cranston.

### ORDER

The Rhode Island Ethics Commission (commission) has sought reargument in respect to our July 14, 1998 *per curiam* opinion that denied the commission's petition for certiorari in this case. Although we deem the petition for reargument to be without merit

---

and deserving only of a terse denial, we are constrained to view otherwise the request of respondent's counsel for an attorney's fee for time spent in preparing a reply to the commission's petition. A number of the remarks contained in the memorandum in support of reargument, prepared for the commission by attorneys Katherine Tammelleo and Amelia E. Edwards, are contemptuous and demeaning to this Court. The intemperate statements and disrespectful tone cannot be disregarded. Indeed, these remarks were the primary focus of much of respondent's reply memorandum. Such offensive language completely disregards and undermines the efforts that this Court has initiated and encouraged in its attempts to promote civility in our courts. We are of the opinion that the scorn directed at the justices of this Court in a document filed with this Court's clerk's office must be addressed.

It is our opinion that "[c]ontemptuous tactics and arguments can be as easily made on paper as in open court." *Kunik v. Racine County, Wisconsin,* 946 F.2d 1574, 1583 (7th Cir.1991). Moreover, it is well-established that this Court under its general supervisory powers can exercise its inherent power to fashion an appropriate remedy to serve the ends of justice. *Vincent v. Musone,* 574 A.2d 1234, 1235 (R.I.1990); *Cheetham v. Cheetham,* 121 R.I. 337, 342, 397 A.2d 1331, 1334 (1979). "If ever there was a case in which a remedy should be fashioned, this is such a controversy." *Cheetham,* 121 R.I. at 342, 397 A.2d at 1334. Accordingly, this Court directs that the following order shall enter.

1. The petition for reargument is denied.

2. This Court is of the opinion that a sanction in the nature of counsel fees in responding to the petition for reargument is warranted. Therefore, respondent's request for a counsel fee is granted in the amount of $1500. This sum shall be paid personally by attorneys Tammelleo and Edwards and is not to be paid from any funds of the Rhode Island Ethics Commission.