Dennis D. BOSSIAN

v.

Paul A. ANDERSON

No. 12–61–A.

Supreme Court of Rhode Island.

Sept. 23, 2013.

Dennis D. Bossian, Pro Se.

Shad Miller, Providence, for Defendant.

SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## ORDER

This case came before the Court in conference on the plaintiff's petition for reargument. The petition is clearly without merit and warrants a simple denial. Unfortunately, however, the Court is once again constrained to take up the issue of sanctions in connection with a legal memorandum signed and filed with the Court by this plaintiff, who is a member of the bar of this state. Plaintiff's memorandum in support of reargument in this matter is insolent and disrespectful in tone, containing as it does baseless allegations of bias, incompetence, and even of ethical violations on the part of the justices of this Court, and as above indicated, this is not the first time he has exhibited such deliberate disregard for the principle of civility. The Court's opinion in this appeal was one of three filed in connection with claims arising out of the bitter dissolution of the plaintiff's former law partnership with the defendant[1] and the plaintiff's petition and memorandum filed in support of reargument in *Bossian* 2 was as impertinent and disrespectful as that filed in this matter. In denying reargument in *Bossian* 2, however, this Court, while citing as a caveat to the plaintiff the case of *Clarke v. Morsilli,* 723 A.2d 785 (R.I.1998), where sanctions were imposed on an attorney who used contemptuous and demeaning language in a memorandum filed with the Court, concluded at that time that an admonition to the plaintiff would suffice. The time for admonitions, however, has now passed. We join in the sentiment expressed by the Supreme Judicial Court of Maine when, in sanctioning a member of that state's bar for asserting baseless charges of bias and incompetence against a trial judge, that court stated that "Vigorous advocacy cannot be an excuse for unfounded accusations and childish vitriol. Counsel, the court, and the profession deserve better." See *Key Equipment Finance, Inc. v. Hawkins,* 985 A.2d 1139, 1146 (Me.2009). Accordingly, the Court hereby directs that the following Order shall enter:

1. The petition for reargument is denied.

2. Pursuant to this Court's inherent supervisory powers as set forth in *Clarke v. Morsilli, supra,* a sanction in the nature of counsel fees in the amount of $2,000.00 is personally imposed on plaintiff Dennis D. Bossian, and the plaintiff shall pay the said sum to the defendant's attorney within twenty (20) days of the date of this Order. Upon making such payment, the plaintiff shall forthwith notify the Clerk of the Supreme Court in writing of his compliance with this Order.

3. The plaintiff is hereby enjoined from filing any further legal action

---

1. The others are *Dissolution of Anderson, Zangari, & Bossian,* 888 A.2d 973 (R.I.2006) (*Bossian* 1), and *Bossian v. Anderson,* 991 A.2d 1025 (R.I., 2010) (*Bossian* 2).

against the defendant in any court of this state arising out of the dissolution of the parties' former law partnership.