June 12, 2019

**Supreme Court**

No. 2018-183-Appeal.
(PM 17-1646)

In re Estate of Amet Chelo.　　　　　:

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at (401) 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

In re Estate of Amet Chelo.          :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  The appellant, Amet Chelo (appellant), appeals from a Superior Court judgment dismissing his probate appeal after finding that, because the appellant was under guardianship, he lacked the capacity to retain legal counsel and file an appeal to the Superior Court in his own name.  Before this Court, the appellant claims that the Superior Court erred in dismissing his probate appeal because, according to the appellant, he was only under a limited guardianship and, thus, was entitled to pursue the probate appeal on his own.  This case came before the Supreme Court on May 8, 2019, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After a close review of the record and careful consideration of the parties' arguments, we are satisfied that cause has not been shown and that the appeal may be decided at this time.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**Facts and Travel**

The appellant is a ninety-three-year-old resident of Cumberland, Rhode Island, and the father to four children:  two sons—Glenn Chelo and Craig Chelo (collectively, appellees), and two daughters—Kimberly Whalen and Debra Grenier.  After several unfortunate disputes amongst the four siblings concerning their father's care and difficulty in visiting him, appellees

filed a "Petition for Limited Guardianship or Guardianship" with the Town of Cumberland Probate Court on November 18, 2015. In accordance with G.L. 1956 § 33-15-4(a)(2), a decision-making assessment tool (DMAT) completed by Brian Ott, M.D. also was filed with the petition. The DMAT concluded that appellant's decision-making abilities in the areas of finance, health care, relationships, and residency were "limited by moderate dementia." The petition was also supported by a report drafted by appellant's guardian *ad litem*, which recommended the appointment of a guardian with respect to matters of finance, health care, and residency, and recommended a limited guardian with respect to matters of relationship "to ensure that his family, his significant other * * * and anyone else that he chooses has access to him, and can visit him in his home without interference from any family member."

The appellees' petition was heard on December 15, 2015, in the Probate Court. After discussing the need for a guardian and the scope of the guardianship, the parties accepted the appointment of Bruce D. Sawyer as guardian for appellant, "with the direction that [Sawyer] consult with [appellant] on all major decisions." An order entered that same day stipulating:

> "(1) That Bruce Sawyer is appointed as Limited Guardian of both the person and estate of Amet Chelo.
>
> "(2) That in his capacity as Guardian, Mr. Sawyer is instructed to consult with Mr. Chelo before making any major decisions."

Although the order set forth that Sawyer was appointed as "limited guardian," the certificate of appointment, also issued that same day, stipulated that Sawyer was "qualified as guardian of both the person and estate of Amet Chelo and [is] vested with all the power and authority prescribed by law to said office[,]" with no reference to any limitations of authority. Three days later, on December 18, 2015, a second order was entered that provided that Sawyer "is hereby appointed Guardian of the person and estate of Amet Chelo" and detailing the days and conditions under which appellees could visit their father.

In the ensuing months, the siblings failed to abide by the visitation schedule set forth in the December 18, 2015 order, which prompted Sawyer to file a miscellaneous petition with the Probate Court stating:

> "Amet Chelo has not had visitations with his sons for some time. Although Amet seems to enjoy living with his daughter * * * and is receiving good care, I would like authority to evaluate whether it would be more feasible and appropriate for Amet to be living in an assisted living facility."

As a result of Sawyer's petition, the Probate Court judge directed him to consider whether appellant should be placed in an assisted-living facility; however, in the interim, an order entered permitting appellant to stay at his Cumberland home under the arrangements previously approved by the Probate Court. On March 23, 2017, a hearing before the Probate Court judge was scheduled to review appellees' visitation with appellant. At the close of the hearing, the Probate Court judge found that it would be in appellant's best interests to be placed in an assisted-living facility and entered an order stating "That the Ward's Guardian, Bruce D. Sawyer, shall, as soon as practicable, arrange for the temporary placement of the Ward, Amet Chelo, at an appropriate assisted living facility[.]"

The appellant, adamant that he wanted to stay in his home, contacted Sawyer and asked him to contact an attorney so that he could appeal the March 23, 2017 order. Sawyer subsequently scheduled a meeting with an attorney for April 6, 2017. At that meeting, appellant asked the attorney about the attorney's background and later in the meeting confirmed with Sawyer that he wanted to hire the attorney; Sawyer wrote a $6,000 check to retain the attorney on appellant's behalf. Now, represented by counsel, on April 12, 2017, appellant filed a petition with the Superior Court appealing the March 23, 2017 order of the Probate Court. Subsequently, appellees moved to dismiss the probate appeal, arguing that appellant lacked the capacity to file the appeal on his own behalf because the December 18, 2015 order, which appointed Sawyer as

- 3 -

appellant's permanent guardian without limitation, superseded the December 15, 2015 order, which on its face appointed Sawyer as limited guardian.

On March 9, 2018, after considering the parties' written and oral arguments, the Superior Court justice determined that the December 15, 2015 order was superseded and replaced by the December 18, 2015 order that appointed Sawyer as full guardian of the person and estate of appellant without any of the limitations that were included in the December 15, 2015 order. Accordingly, the Superior Court granted the motion to dismiss and declared that "Bruce D. Sawyer had been appointed as full guardian over the estate and person of Amet Chelo, without limitation, pursuant to an order entered by the Cumberland Probate Court on December 18, 2015, and that the Ward, Amet Chelo, lacked the capacity to file this appeal." Final judgment entered on March 23, 2018, and appellant timely appealed.

## Standard of Review

This Court reviews questions of statutory interpretation *de novo*. *Webster v. Perrotta*, 774 A.2d 68, 75 (R.I. 2001). Our goal in interpreting a statute is to discern the meaning intended by the Legislature, especially where the words used in the statute are not defined. *D'Amico v. Johnston Partners*, 866 A.2d 1222, 1224 (R.I. 2005). When a statute is "clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1226 (R.I. 1996). In performing this function, this Court looks to the statutory scheme as a whole and examines the statute in context. *In re Brown*, 903 A.2d 147, 149-50 (R.I. 2006).

## Analysis

On appeal, appellant claims that the Superior Court erred in granting appellees' motion to dismiss and in finding that appellant was under a full guardianship and, thus, lacked the capacity

to retain independent counsel to pursue the probate appeal on his own behalf because, according to appellant, the December 18, 2015 order did not supplant or supersede the December 15, 2015 order.[1] As such, appellant contends that he is under a limited guardianship and retains the right to pursue this action on his own behalf. We disagree.

Pursuant to § 33-15-4, entitled "Limited guardianship," "[t]he certificate of appointment issued to the limited guardian *shall* clearly state that it is a limited guardianship. The court order *shall* clearly indicate the scope of the powers and duties of the limited guardian." Section 33-15-4(a)(1) (emphasis added). "We have held that the use of the word 'shall' contemplates something mandatory or the 'imposition of a duty.'" *Castelli v. Carcieri*, 961 A.2d 277, 284 (R.I. 2008) (quoting *Conrad v. State of Rhode Island – Medical Center – General Hospital*, 592 A.2d 858, 860 (R.I. 1991)). Here, the fact that the certificate of appointment did not comply with § 33-15-4(a)(1) in that it did not "clearly state" that Sawyer was appointed as "limited guardian" is dispositive. The certificate of appointment qualifies Sawyer as the "Guardian of both the person and estate of Amet Chelo" and vests Sawyer with "all the power and authority prescribed by law to said office[,]" with no limiting language. Furthermore, the December 15,

---

[1] In addition, appellant argues that his due-process rights were violated when the Probate Court judge ordered him to be removed from his home and placed in an assisted-living facility; however, this argument was neither contained in appellant's reasons of appeal nor was it raised before the trial justice in the Superior Court hearings below. The purpose of requiring a party to file the reasons of appeal is, first, to provide notice to the opposing party of what is at issue, and, second, to restrict the appellant during his or her appeal to the issues listed within the reasons for appeal. *See Cannon v. McEnanley*, 21 R.I. 60, 62, 41 A. 1016, 1017 (1898) (stating that "[t]he purpose of the reasons of appeal is to notify the adverse party of the grounds of appeal, that such party may be apprised of what he is to meet at the trial"); *see also* G.L. 1956 § 33-23-1(a)(2) (stating that probate appellant "shall be restricted" to his or her reasons of appeal). Because this argument was not contained in appellant's reasons of appeal, nor was it addressed by the Superior Court justice, it is clear to us that appellant's due-process argument was not properly preserved, and it will not now be addressed. *See In re Estate of Ross*, 131 A.3d 158, 170 (R.I. 2016).

2015 order filed in conjunction with the certificate of appointment was defective in that it did not "clearly indicate the scope of the powers and duties of the limited guardian." Section 33-15-4(a)(1). Instead, the December 15, 2015 order merely instructed Sawyer "to consult with [appellant] before making any major decisions."

Next, appellant's argument that the December 18, 2015 order simply "supplement[ed]" the December 15, 2015 order is without merit. The December 18, 2015 order superseded the December 15, 2015 order and is the controlling document, together with the certificate of appointment, which designates Sawyer as full guardian of the person and estate of appellant without any of the limitations that were included in the December 15, 2015 order. Accordingly, we are of the opinion that Sawyer's powers as a guardian are not limited in any way and that appellant is under a full guardianship.[2]

Finally, contrary to appellant's claim that he has the right to pursue a legal action in his own name while under a guardianship, this Court has held that, "when a guardian has been duly appointed, an action at law in behalf of the ward should be brought in the name of the ward by his guardian." *Champlin v. Probate Court of Exeter*, 37 R.I. 349, 349, 92 A. 982, 982 (1915); *see also Taylor v. Superior Court*, 30 R.I. 200, 203, 74 A. 482, 483 (1909) (holding that a "suit must be brought by the guardian in the name of the ward"). Therefore, we affirm the Superior Court's dismissal of appellant's probate appeal on the ground that appellant lacked the capacity to bring and maintain an action in his own name, because he is under a full guardianship.

**Conclusion**

For the reasons stated, the judgment of the Superior Court is affirmed. The papers may be remanded to the Superior Court.

---

[2] We note that appellant did not appeal the December 15, 2015 order, the December 18, 2015 order, or the certificate of appointment.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | In re Estate of Amet Chelo. |
| **Case Number** | No. 2018-183-Appeal. (PM 17-1646) |
| **Date Opinion Filed** | June 12, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Appellant: <br><br> Richard A. Boren, Esq. |
| | For Appellee: <br><br> Barry J. Kusinitz, Esq. |